# CASES DETERMINED

# August Term, 1889.

---

BOGIE, Appellant, vs. THE TOWN OF WAUPUN, Respondent.

75    1
8 6 LRA   59
33 LRA 291n

October 17 — November 5, 1889.

*Highways: Obstruction by snow: Temporary road over private lands: Liability for injuries from defect.*

A town is not liable for injuries resulting from a defect in a temporary track opened through private lands adjoining a highway which was obstructed by snow-drifts, even though the town officers performed work on such temporary road and it was traveled continuously by such officers and the public for several weeks before the accident. *Houfe v. Fulton,* 34 Wis. 608, distinguished.

APPEAL from the Circuit Court for *Fond du Lac* County. This action was brought to recover damages for personal injuries suffered by the plaintiff, charged to have been caused by the insufficiency and want of repair of what is termed in the complaint "a temporary winter road" in the defendant town. The complaint alleges that on March 15, 1888, and for more than five weeks immediately prior to that time, a certain highway in the defendant town was blockaded and rendered impassable for a distance of about ninety-eight rods by reason of snow which had accumulated therein and which was carelessly and negligently left

therein during the time aforesaid.   The complaint then proceeds as follows:

" Upon information and belief, the plaintiff alleges that in consequence of the said insufficiency and want of repair of said highway, and in consequence of the carelessness and negligence of said defendant and its officers and agents in leaving said highway so filled up and blockaded by snow, and unopened, and absolutely impassable, as aforesaid, some person or persons unknown to this plaintiff, about five weeks prior to said 15th day of March, 1888, with the full knowledge, consent, and approbation of the supervisors of said town and of the road overseer of the road-district in which that section of the highway is located, opened for public travel through the fields adjoining, by the consent of the owners thereof, a temporary winter road on the east side of, and parallel to, the section of said highway so blockaded and unopened; which temporary road was thereafter, and before the said 15th day of March, 1888, with the knowledge and approval of the supervisors of the defendant town, repaired and worked upon by the road overseer of that road-district, and was traveled continuously by the public, and by the supervisors of said town, and by the road overseer of said road-district, from the time it was so opened till on or about the 15th day of March, 1888, aforesaid, and that said temporary winter road was opened and used for the purpose of public travel and conducting travelers out of the passable and traveled sections of the said highway by and around the blockaded and untraveled section thereof, and the said temporary road did in fact connect the open and traveled sections of the said highway with each other, and actually and necessarily formed a section of the main traveled highway from Waupun to Oshkosh, and that said sections were not connected by any other road or way, and that the travel of the said blockaded section thereof was wholly suspended

during the five weeks aforesaid, and until after the injury of the plaintiff as hereinafter stated.

It is further alleged that on said March 15, 1888, the plaintiff was driving along said highway in the exercise of proper care, and when he reached the point thus blockaded he necessarily turned off the highway and drove along such temporary road until he reached a point where there was a ditch across the same, which was covered with snow, and its existence there was unknown to him, when his horses broke through the crust of snow into the ditch, throwing him from his cutter with great violence, and inflicting upon him severe personal injuries.

The complaint also alleges due notice to the supervisors of such injury, and the filing of a claim for damages therefor, in the office of the town clerk, as required by statute, and the refusal of the supervisors or town board to allow said claim or any part thereof.

The defendant interposed a general demurrer to the complaint, which was sustained by the court. The plaintiff appeals from the order sustaining the demurrer.

For the appellant there was a brief by *J. A. & J. I. Kelley*, and oral argument by *G. E. Sutherland*. They argued, among other things, that towns having reasonable notice of obstructions in their highways are bound to remove them or make suitable by-ways to pass around them, or see to it that they are made by others, in order to exonerate themselves from liability to travelers; and in such case the town is responsible for the insufficiency of such by-way. 2 Shearm. & Redf. on Neg. 13, note 1, and cases cited; *Batty v. Duxbury*, 24 Vt. 155; *Mathews v. Winooski Turnpike Co.* id. 480; *Willard v. Newbury*, 22 id. 458; *Barber v. Essex*, 27 id. 62; *Morse v. Richmond*, 41 id. 435; *Dickinson v. Rockingham*, 45 id. 99; *Bates v. Sharon*, id. 474; *Coates v. Canaan*, 51 id. 131; *Savage v. Bangor*, 40 Me. 176; *Phillips v. Veazie*, id. 96; *Munson v. Derby*, 37 Conn. 298; *Erie*

*v. Schwingle*, 22 Pa. St. 384; Angell on Highways (3d ed.), sec. 267. The by-way in question was the respondent's road *de facto*, and the acts of its officers in reference thereto estop the respondent from denying its legality in this action. *State v. Preston*, 34 Wis. 687, 688; *Whitney v. Essex*, 42 Vt. 520; Thomp. on Neg. 1209, citing *Erie v. Schwingle*, 22 Pa. St. 384; *Codner v. Bradford*, 3 Pin. 259; *Williams v. Cummington*, 18 Pick. 312; *Stark v. Lancaster*, 57 N. H. 88; *Treise v. St. Paul*, 36 Minn. 526; *Kelley v. Fond du Lac*, 31 Wis. 187, and cases cited; *Barton v. Montpelier*, 30 Vt. 650; *Coggswell v. Lexington*, 4 Cush. 307; *Gerald v. Boston*, 108 Mass. 580; *Hayden v. Attleborough*, 7 Gray, 338; *Green v. Danby*, 12 Vt. 338; *Savage v. Bangor*, 40 Me. 176; *Houfe v. Fulton*, 34 Wis, 615–619; *Kneeland v. Gilman*, 24 id. 39, 42. The obstruction of the highway was the proximate cause of the injury. *Houfe v. Fulton*, 29 Wis. 296; 1 Shearm. & Redf. on Neg. secs. 25–40, and notes; Wood on Nuisances, 337, note 1.

*Maurice McKenna*, for the respondent.

LYON, J. The statute under which this action was brought (sec. 1339, R. S.) is as follows: "If any damage shall happen to any person, his team, carriage, or other property, by reason of the insufficiency or want of repairs of any bridge, sluiceway, or road in any town, city, or village, the person sustaining such damage shall have a right to sue for and recover the same against any such town, city, or village." Unquestionably, the word "road," as here employed, means a public highway; and the insufficiency or want of repair thereof, which is the foundation of an action under the statute, must be the proximate cause of the injury complained of. These propositions will not, we think, be controverted.

The insufficiency of the highway in question, caused by the obstruction thereof by reason of snow-drifts, is not, and

is not claimed to be, the proximate cause of the plaintiff's injuries. Such cause was the presence of the hidden ditch across the track on which he was traveling in the adjoining field, and so it is alleged in the complaint. If, under the circumstances stated in the complaint, the town is liable for the damages caused by such insufficiency, the complaint states a cause of action, and the demurrer thereto should have been overruled. But if, on the other hand, the town is not so liable, the demurrer was properly sustained. Hence the question of such liability is the controlling one in the determination of this appeal.

It is argued by the learned counsel for the plaintiff, with much force and ingenuity, that this temporary road or by-way, upon which the plaintiff was injured, was, at the time of such injury, *pro hac vice* a public highway, made so by the acts of the town officers and the exigencies of the occasion. If the supervisors of the town, or the overseer of highways, had authority to locate, open, and work such road, there would be great force in the argument; but, for reasons which will now be stated, we are of the opinion that they had no such authority.

Sec. 1249, R. S., provides that "every overseer of highways shall, whenever any part of the public highways in his district is blocked up by snow-drifts so as to render the same impassable, call out, upon one day's notice, the taxpayers of his district, and immediately put such part of said highways in passable order." The section then provides for giving credit for such work upon the unpaid highway taxes assessed against the persons performing the same. The section, as originally enacted, contained, also, the following provision: "But whenever the overseer shall deem it impracticable to render such parts of such highways passable and keep them in such condition, it shall be lawful for him to open a track through any field or inclosure in his district for the temporary accommodation of travel,

whenever the same may be done without material damage to the owner or owners of such inclosure; and no person using such track shall be liable therefor in any civil or criminal action." The above section was amended by ch. 179, Laws of 1887, by adding a clause thereto requiring the overseer to make the highway passable for a certain width at the bottom of the track of said road. This amendment has no significance in this action. By ch. 454, Laws of 1887, it was enacted that "section 1249 of the Revised Statutes is hereby amended so as to read as follows." Then follows the section as amended, which is substantially the section as contained in the Revised Statutes, with the exception that the clause which authorized the overseer, under the conditions therein specified, to open a track through any field or inclosure for the temporary accommodation of travel, is omitted from the section. Such omission necessarily operates as a repeal of the omitted provision. This is not disputed.

It seems very clear to our minds that the legislation of 1887 was intended to take from the overseer of highways the right to open a temporary track upon private lands, and to compel him at once to open highways to public travel which have become obstructed by snow; in other words, that the legislature thought the power vested in that officer and the duty imposed upon him to open highways so obstructed was ample without vesting him with the extraordinary power of turning the public travel upon the lands of private owners without their consent, especially as no adequate means seem to have been provided for making them compensation for such use of their property.

Much stress was laid, in the argument, upon the averments in the complaint that the overseer performed labor upon this temporary road with the knowledge and approval of the supervisors, and that the same was traveled continuously by such officers and the public. It is claimed that

these facts furnish strong evidence of a claim of right on the part of the public. In certain cases, and under certain circumstances, this may be true; but it is essential that such claim is that the *locus in quo* is a public highway. In the present case it was not. The overseer worked the road, not as a public highway, but as a mere temporary passage-way over private property, made necessary by the snow-drifts in the highway. This was patent to the plaintiff and all others. Nobody could be deceived or misled by it, and no one had any right to believe that by doing such work the overseer was asserting a right of way for the public upon the *locus in quo*. This fact distinguishes this case from those which give importance to the acts of the overseer or other officials of the town in doing work or travel-ing upon the temporary track.

Much reliance is placed upon the case of *Houfe v. Fulton*, 34 Wis. 608, as an authority that the town is liable in this case. There the bridge on which the plaintiff was injured was erected over a meandered stream without authority of law. Public highways extended to the bridge at either end thereof, and were connected by the bridge. It had been in use twenty years or more as a public highway. The annual town meeting of the town in which it was situ-ated, nearly or quite twenty years before the accident, had by resolution accepted it as town property, and appropria-tions to be expended upon it were made by several annual town meetings. The proper town officers took charge of the bridge and expended town funds in its repair and maintenance. In short, the town and its officers constantly treated and maintained the bridge for a series of years as though it had been lawfully erected across the stream and was part of a lawful public highway. It was held that the town was estopped to deny that it was a public highway. Manifestly, the case was properly decided. But the dis-tinctions between the facts of that and the present case are

so radical and important that the rule there adopted cannot properly be held applicable here.

In view of the above facts, especially of the legislation on the subject, the labor performed by the overseer on the temporary track is of no greater significance than it would be had it been performed by a private citizen, and could not have deceived the plaintiff into the belief that the overseer was performing it officially on a public highway; for the plaintiff is chargeable with knowledge that the overseer had no authority to bind the town by such act. We find here no element or fact upon which an estoppel against the town can be predicated.

The learned counsel for the plaintiff has cited several cases elsewhere to the proposition that the town is liable for defects of such temporary track. Whatever may be the doctrine of those cases, the legislation in this state so clearly indicates that it was not intended to impose any such liability upon the town that we must hold that none exists.

*By the Court.*— The order sustaining the demurrer is affirmed.