Curtiss v. Bovina, 138 Wis. 660.

CURTISS, Respondent, vs. TOWN OF BOVINA, Appellant.

*March 11—March 30, 1909.*

*Highways: Bridge built by private individuals: Adoption by town:*
*Injuries from defects.*

1. A public highway was laid out to the west bank of a river, but
   the town board expressly refused to extend it across the river
   or to assist in building a bridge. Several years earlier the
   owners of land east of the river had built a bridge at this point,
   and they maintained and continued to use it after the highway
   was laid out to the river; but the town authorities did nothing
   to keep it in repair, nor did they treat it as a part of the high-
   way, although on one occasion they did, at the request of the
   landowners who were maintaining the bridge, permit such
   owners to take and use, in repairing it, some boards which had
   been removed from a culvert or other bridge and were not then
   needed for the immediate use of the town. *Held,* that the bridge
   was not part of the highway so as to render the town liable for
   injuries caused by defects therein.
2. To estop a town, in such a case, from denying that the bridge
   was a part of its highway there must be evidence clearly tend-
   ing to show an adoption of it as such by the town.

APPEAL from a judgment of the circuit court for Outa-
gamie county: JOHN GOODLAND, Circuit Judge. *Reversed.*

This is an action to recover damages claimed to be due to
a fall caused by a defective bridge crossing the Schioc river.
It is alleged that the bridge constituted a part of a highway
on a town line which was maintained by the defendant town.

The bridge in question crosses the Schioc river. A high-
way has been laid out and leads up to the river on the west,
so that the north line of the bridge and the south boundary of
the highway as laid out practically meet and make one line.
The bridge was constructed by the owners of the land situated
on the east side of the river under an arrangement with the
town that if the town would lay out the road to the river they
would build the bridge. In approaching the bridge from the
east it is necessary to drive over private property, there being
no highway leading to the bridge from the east. An order of

ten years ago laying out the highway to the bank of the river was defective, and the road was closed by one of the owners of the property over which it was laid out. About five years ago the highway was legally laid out to the west bank of the river. About five years ago the planks on the bridge had become rotted, and parties having land on the east side of the river placed a layer of boards over the bridge on top of the old rotted boards. There was evidence on the trial of the instant action that these boards were some old planks which had been in use on an abandoned culvert or bridge of the town, and that the parties who had built and used the bridge obtained permission from the town officers to take and use them for repairing the bridge. No work was ever done on the bridge by the town. The town had expended money upon repairs on the road to the west of the bridge.

The bridge had been constructed to enable the owners of the land to the east of the river to cross to the highway with loads of hay and wood from their lands, and at the time of the accident the plaintiff was hauling hay for an owner of land to the east of the bridge. The distance between the outer edges of the outside timbers of the bridge was about six feet. As originally constructed, the planks which made the roadway projected beyond the timbers three or four feet. The planks which were used to repair the bridge and were laid on top of the old planks were about six feet long and projected but little over the outer edges of the timbers. The plaintiff testified that he had driven onto the bridge and that the wagon slipped upon some ice and was thrown over the edge of the top layer of planks onto the old rotted ones, that these planks gave way, and that he and his load of hay were precipitated upon the ice on the river, and that he sustained severe injuries. The horses broke loose with the front wheels of the wagon, ran away, and were cut and seriously bruised and injured.

The instructions of the court left the jury to determine whether or not the town had suffered the bridge to remain and

to be used by the public as a highway or crossing in connection with the public highway to such an extent and for such a length of time as to have become a thoroughfare or public highway. The court submitted the following question to the jury: "Was the place where the plaintiff was injured a public highway?" To this the jury answered "Yes." The jury found for the plaintiff on the various questions submitted in a special verdict, and the court awarded judgment on the verdict. This is an appeal from the judgment so awarded.

*Francis J. Rooney* and *A. M. Spencer,* for the appellant.

For the respondent the cause was submitted on the brief of *Classon & Frank.*

SIEBECKER, J.    The trial court held that the inquiry as to whether or not the bridge in question was a part of the highway of the defendant town was one for the jury under the evidence adduced. The evidential facts to support plaintiff's claim that the bridge is part of the highway are that the bridge is adjacent to and a continuation of the road laid out by the town authorities to the west shore of the river, that persons using the road would necessarily have to use the bridge to cross the river in driving to any place on the east thereof, and that the persons who own land on the east of the river have in fact used the bridge as part of the road. In view of the undisputed facts explaining such use of the bridge, this evidence is not proof in itself that the bridge is a part of the highway. The uncontradicted facts are that the town board laid out the highway to the west bank of the Schioc river and expressly refused to extend it across the river so as to include the bridge. The town board also refused to assist in building a bridge over the river to enable the owners of lands on the east of the river to use the highway on the west. Several years prior to laying out this road the owners of lands to the east of the river built this bridge for ingress and egress. They offered to maintain it for such purpose after the highway was established to the river, and

they so maintained the bridge afterward. The town authorities did nothing to keep it in repair nor did they treat it as part of the highway.

The plaintiff, however, claims that the town officers aided in maintaining and repairing the bridge by furnishing material for its repair, and in view of its location and proximity to the highway gave ground for the belief that it constituted a part of the highway. The evidence does not justify this claim. It appears from the uncontradicted testimony that the parties who offered to maintain this bridge besought the town officers to permit them to take and use boards for repairing this bridge which had been removed from a culvert or another bridge and were not then needed for the immediate use of the town, that the officers granted such request, and that the material was so applied by these parties. There is nothing in this conduct to warrant an inference that the town authorities maintained and repaired this bridge as part of the highway. On the contrary, the testimony is positive that they regarded the bridge as a private way and not as part of the highway. The trial court submitted the case upon the theory that the evidence justified the conclusion that the town had adopted the bridge as a part of its highway and was estopped from denying in this action that it was a lawful highway. A study and examination of the evidence convinces us that the testimony does not permit of such an inference and that it was error to submit such an issue to the jury. To estop the town from denying that the bridge was a part of its highway requires that there should be evidence clearly tending to show an adoption of the alleged highway by the town. We find no such evidence in the record. *Houfe v. Fulton*, 34 Wis. 608; *State ex rel. Lightfoot v. McCabe*, 74 Wis. 481, 43 N. W. 322; *Bogie v. Waupun*, 75 Wis. 1, 43 N. W. 667.

*By the Court.*—The judgment is reversed, and the cause remanded with directions to award judgment dismissing the complaint.