NUTHALS, Administrator, Appellant, vs. CITY OF GREEN BAY, Respondent.

*February 1—February 22, 1916.*

*Highways: Establishment by user: Wharf connecting street and river.*

1. The provision in sec. 1294, Stats., that all unrecorded roads used and *worked* for ten years shall become legal highways, does not abrogate the common-law rule of this state that a highway may be created by user alone for twenty years.
2. A highway or street need not take any specific form of structure. If it serves the purpose of a street or highway it is immaterial what its form may be or that it may also serve some other purpose.
3. Where, within the lines of a street extended to the established dock line on a river which was also a public highway, a wharf and the filled approach thereto served to connect the travel on the city streets with the travel on the river, and there was evidence that public travel over such wharf had been more or less continuous for over twenty-five years and that it was used for all purposes for which the public had any use for it, a jury would be warranted in finding that such wharf was a public street, even though it had never been opened as a street and had been used to some extent by adjoining owners for storage purposes. and it was not shown that it was built by the city or that the city had ever expended any money on its repair or maintenance.

APPEAL from a judgment of the circuit court for Brown county: HENRY GRAASS, Circuit Judge.   *Reversed.*

Action to recover damages for the death of one Constant Nuthals, who on September 8, 1912, drowned by reason of falling through an alleged defective trestle work or wharf at a place claimed to be in a public street of the defendant city.

The Fox river at the place in question in the city of *Green Bay* runs nearly north and south. Washington street parallels the river on the east. Cedar street intersects Washington street at right angles. The original plat of the city shows Cedar street extending to the Fox river, but the shore line is indicated some 200 feet east of where it is at present. From the original shore line to about nine feet west of the west line of Washington street, Cedar street has been raised by a dirt fill throughout its full width. At the end of this fill a wharf or trestle, built on piling, extends to the established dock line a distance of eighty-seven feet on the north line of the street and of 116 feet on the south line. About eighteen feet from the end of this wharf and about eight feet from its north line the deceased fell through it. North of this wharf and connected to it is the wharf property of the F. Hurlbut Company.

At the close of the testimony the court directed a verdict in favor of the defendant, and from a judgment entered accordingly the plaintiff appealed.

For the appellant there were briefs by *Minahan & Minahan,* and oral argument by *V. I. Minahan.* They argued, among other things, that a wharf such as the one in question is, as a matter of law, a part of the highway. *People v. Lambier,* 5 Denio, 9, 47 Am. Dec. 273; *In re Brooklyn,* 73 N. Y. 179; *Knickerbocker Ice Co. v. Forty-second St. & Grand St. F. R. Co.* 176 N. Y. 408, 68 N. E. 864.

*William Cook,* attorney, and *Robert A. Kaftan,* of counsel, for the respondent, contended, *inter alia,* that a public wharf, even when at the end of a street, is not a public highway. *State v. Cowan,* 29 N. C. 239; *State ex rel. Wauconda Inv. Co. v. Superior Court,* 68 Wash. 660, 124 Pac. 127; *Palen*

*v. Ocean City,* 72 N. J. Law, 15, 62 Atl. 947; *Clark v. Los Angeles,* 160 Cal. 317, 116 Pac. 966; *Horn v. People,* 26 Mich. 221; *Kemp v. Stradley,* 134 Mich. 676, 97 N. W. 41; *Ill. & St. L. R. & C. Co. v. St. Louis,* 2 Dill. 70, 12 Fed. Cas. 1199.

VINJE, J. The circuit court directed a verdict for defendant because there was not sufficient evidence to go to the jury on the question of whether or not the *locus in quo* was a public street. In doing so the court erred. It is true there was no evidence that the city built the wharf or approach thereto or as to who built it. Neither was there any evidence that the city had ever expended any money on its repair or maintenance. On the contrary the only one shown to have repaired the wharf was the Hurlbut Company. But it is not necessary that the city should have opened the street or built or repaired the wharf in order to constitute the same a public street. A place may become a street or highway by twenty years' user only. The provision of sec. 1294, Stats., that all unrecorded roads used and *worked* for ten years shall become legal highways, did not abrogate the common-law rule of this state that a highway may be created by user alone for twenty years. *Chippewa Falls v. Hopkins,* 109 Wis. 611, 85 N. W. 553. Neither does a highway or street need to take any specific form of structure, such as earth, earth embankment, bridge, or trestle. If its form and structure is such that it serves the purpose of a street or highway and is used as such, it is immaterial what its form may be or that it may also serve another purpose. Here the fill and wharf served to connect the travel on the city streets with travel on the Fox river. Both streets and river were public highways—the former by the acts of the city or its people, the latter by the provisions of the Ordinance of 1787 and the constitution of the state (sec. 1, art. IX). This travel was within the lines of Cedar street extended to the established dock line and was shown

to have been more or less continuous for over twenty-five years. The evidence shows that ice wagons used to drive up and deliver ice to boats; the Standard Oil Company delivered oil to boats over it; owners of boats went over it to get oil from the company; different kinds of boats have tied up there and used the wharf and fill to reach the city streets; transportation companies advertised excursions from the wharf and used to take on and leave their excursionists there; the general public used it, particularly on Sundays and holidays, for picnic parties; and there is testimony that it was used for all purposes for which the public had any use for it. Fred Hurlbut, of the F. Hurlbut Company, testified that they had never regarded the wharf as the property of their company though they had used it for years for the storage of salt, brick, sewer pipe, etc., but had always left a passageway open for teams and foot or other travel. They had repaired it from time to time to facilitate their use of it for storage purposes. From such evidence, if believed, the jury would be warranted in finding that the place where the deceased fell through was in a public street.

The trial court seems to have placed great reliance on the case of *Curtiss v. Bovina,* 138 Wis. 660, 120 N. W. 401, as governing this case. It does not. There it was shown that the town board expressly refused to lay out the highway across the river and that the bridge was built by private parties. It was held that the fact that the town had permitted such private parties to use some old planks discarded from a culvert in the road to repair the bridge did not make it a part of the highway. No twenty years' user was involved, as it was shown that the highway was laid out and the bridge built about ten years previous to the accident. The case of *Johnson v. Milwaukee,* 46 Wis. 569, 1 N. W. 187, relied upon by plaintiff, is more in point.

*By the Court.*—Judgment reversed, and cause remanded for further proceedings according to law.