GREAT NORTHERN RAILWAY COMPANY, a Corporation, Respondent, v. THE COUNTY OF WARD, a Municipal Corporation, and Alfred Mostad, as County Treasurer of the County of Ward, Appellants.

(208 N. W. 768.)

**Highways — road taxes fall within limitation of tax levies for county purposes, not special levies for local improvements.**

1. Section 2 of chapter 122 of the Session Laws of 1921, which provides for a limitation of tax levies and makes certain exceptions therefrom in favor of special levies for local improvements and for the maintenance of sinking funds, is construed, and it is *held* that road taxes fall within the limitation therein prescribed and not within the exception of "special levies for local improvements."

**Statutes — intention of legislature when not clearly expressed because of ambiguity, history of terms may be traced in other legislation.**

2. When the intention of the legislature is not clearly expressed in a statute, owing to ambiguity attaching to certain terms employed, the history of the terms may be traced in other legislation in order to ascertain the intention of the legislature.

**Statutes — words should be construed in sense, ordinarily, in which they were previously used in like statutes.**

3. Words used in a statute should be construed, ordinarily, according to the sense in which they have been previously used in like statutes.

Opinion filed April 24, 1926.

Highways, 29 C. J. § 494 p. 728 n. 88. Statutes, 36 Cyc. p. 1150 n. 43.

Appeal from the District Court of Ward County, *Lowe,* J.
Affirmed.

*George Shafer,* Attorney General, *H. E. Johnson,* State's Attorney, and *B. A. Dickinson,* Assistant State's Attorney, for appellants.

"By what is known as the doctrine of the 'last antecedent,' relative and qualifying words, phrases, and clauses are to be applied to the words or phrase immediately preceding, and are not to be construed

Note.—(2) History of terms of legislature as aid to construction, see 25 R. C. L. 1029; 3 R. C. L. Supp. 1439; 5 R. C. L. Supp. 1360; 6 R. C. L. Supp. 1600.

as extending to or including others more remote, unless such extension is clearly required by a consideration of the entire act." 36 Cyc. 1123.

. "In construing statutes and ordinances, where general words ·occur at the end of a sentence, they refer to and qualify the whole, while if they are in the middle of a sentence, and apply to a particular branch of it, they are not to be extended to that which follows." 3 A.L.R. 384.

*Murphy & Toner,* for respondent.

The legislature has plenary power to deal with the whole question of taxation, subject to the constitutional limitation, that taxes can be imposed only for public purposes, and that the rule of taxation must be uniform. Ellis v. Thorne, 87 N. W. 797; Peterson v. Sturgis, 105 C. C. A. 293, 183 Fed. 1; People ex rel. Booth v. Opel, 244 Ill. 317, 91 N. E. 458.

"The courts hold that there is no constitutional limitation preventing the legislature from taking away inchoate rights." Van Inwagen v. Chicago, 61 Ill. 31; Bailey v. Mason, 4 Minn. 546; Brown v. Western (W. Va.) 66 S. E. 48; State v. Am. Bonding Co. (Md.) 97 Atl. 529.

"Irregularities in the rendition of judgment may be corrected by motion; but the correction of errors of law occurring on the trial, or in framing or receiving special verdicts, or in entering judgment thereon, can only be made by appeal or motion for new trial." Olson v. Mattison, 16 N. D. 231.

BIRDZELL, J. This is an action brought to recover taxes for 1921 paid by the plaintiff in February, 1922, under protest as excessive. In the lower court the plaintiff had judgment. Thereafter certain proceedings were had looking toward the opening up of the judgment for the purpose of considering additional facts which the defendants desired to submit, but the motion for that purpose was denied. This is an appeal from the judgment and from the order denying the defendants' motion. The case was submitted in the district court upon stipulated facts. From the stipulation it appears that the taxes for the year 1921, against the operating property of the plaintiff in Ward county, amounted to $140,513.62. That this amount was paid before it became delinquent, the payment being accompanied by a protest which

set forth the specific grounds upon which it was claimed that the tax was excessive. Stated generally, the ground of the protest was that the levy exceeded the limitation contained in chapter 122 of the Laws of 1921, it being claimed that under this law the total tax levy within the limit could not exceed 7.2 mills for county purposes, while the levy in question was at the rate of 8.202 mills; that as a result of the levy thus made the excess amounted to $4,572.04. The Ward county budget for 1921 was stipulated as follows:

| Fund | Amount of Levy | | Rate Mills |
|---|---|---|---|
| General | $120,018 | | 2.903 |
| Road | 50,025 | | 1.21 |
| Bridge | 5,003 | | .121 |
| Poor | 25,013 | | .605 |
| Insane | 20,010 | | .484 |
| Emergency | 20,010 | | .484 |
| Better Farming | 4,010 | | .097 |
| Fair | 20,010 | | .484 |
| State Special Road | 74,996 | | 1.814 |
| Total | | $339,096 | 8.202 |
| Sinking | 7,524 | | .182 |
| Interest | 5,003 | | .121 |
| 1918 Seed Grain Bonds | 33,984 | | .822 |
| 1920 Seed Grain Bonds | 32,785 | | .793 |
| County Tuition | 20,671 | | .5 |
| Total | | $99,967 | 2.418 |
| Grand Total | | $439,063 | 10.62 |

Chapter 122 of the Laws of 1921, as will be seen later, limits the levy for 1921, excluding certain items, according to an average of the levies for the three preceding years. In the stipulation the levy for 1918 for general county purposes, excluding amounts raised for interest sinking fund and county tuition fund, and including amounts raised for the state special road fund, if any, is $207,651; for 1919, the same levy was $313,155; for 1920, the same levy was $370,155. The average of these is $296,987.

It is stipulated that, excluding the levy for the state special road fund, the average is $263,647. The court found the facts as stipulated and concluded that the defendant was empowered to levy, for all purposes not included in the exceptions stated in the statute, $296,947 ($296,987?); whereas, it in fact had levied $339,096. It

reduced the actual levy and the amount of the maximum levy at the legal rate to a mill basis and, by applying the same to the assessed valuation of the plaintiff's property, it found its tax excessive to the extent of $4,572.04, for which judgment was entered with interest and costs.

The contentions of the appellant, with respect to the propriety of the judgment, are reflected in the motion and application later made for an order vacating and for leave to submit further facts. While the figures as to the levies for 1918, 1919 and 1920 do not quite coincide with the stipulation of the gross levies, exclusive of interest sinking fund and county tuition fund, they are in practical agreement. But it is shown that in the years 1919 and 1920 state special road taxes were levied in the amounts of $25,000 and $75,000, respectively. These amounts are included in striking the average which places the maximum of the levy for 1921 at $296,987, as found by the trial court. But the appellant contends that the state special road levy is not limited by chapter 122 of the Laws of 1921 and that, consequently, the $74,996 levied for that purpose in 1921 should be subtracted from $339,096, with the result that the 1921 levy would be legal or only slightly excessive.

The legal propriety of the judgment turns upon the meaning of § 2, chapter 122 of the Laws of 1921. The section reads:

"The total amount of taxes levied for any purpose, except special levies for local improvements and for the maintenance of sinking funds in any county or political subdivision thereof in any village, town or city within the state shall not exceed an amount equal to one third of the total combined levies, which were made for the years 1918, 1919, and 1920, except that school districts may levy not to exceed 30 per cent in excess of such amount, and provided that any county or political subdivision thereof or any village, town or city may increase such levy in the same proportion as the assessed property valuation increases or has increased over that of the year 1919. Provided, however, that the electors of any county or political subdivision thereof or any village, town or city within the state, may by a majority vote authorize a levy of 25 per cent in excess of this limit."

It is the contention of the plaintiff and respondent that, in applying the above act, there must be included in the levy for 1921 the state

special road levy of $74,996, which brings the total county levy subject to the limitation up to $339,096. On the other hand, it is the contention of the defendant and appellant that the state special road levy is a special levy for a local improvement within the language of the act above quoted, which is excepted from the operation of the limitation the same as sinking funds mentioned in the act and county tuition funds which had been held not subject to the limitation because not *levied* by the county. Davis v. Pierce County, 49 N. D. 397, 191 N. W. 618.

Courts may properly take notice of the history of the terms used in a statute in order to ascertain the purpose or intention of the legislature in using such terms where the intention is not clearly expressed in the statute. Sutherland on Statutory Construction, § 300. It is a rule of construction that words used in a statute should be construed according to the sense in which they have been previously used in like statutes. Sutherland, Stat. Constr. § 255. In obedience to those rules of construction, we shall consider briefly the history of levy limitation laws of the general character of the act above quoted to the end that we may derive therefrom such assistance as they afford in clearing up any ambiguity attaching to the expression "special levies for local improvements."

The first act of this general character is chapter 254, Laws of 1915. The limitation in that act was predicated upon the pre-existing limitation laws. Notwithstanding the amount of the increase in the assessed valuation, it permitted increases in the tax levies for the two following years of only 5 per cent and 10 per cent, respectively, above the legal maximum of the preceding year, regardless of the amount actually levied that year. This act contains no language similar to that employed in the statute in question. The next act, however, chapter 214 of the Laws of 1919, placed limitations on the total amount of taxes to be levied for any purpose in 1919 and 1920 and contained the exception involved here, "except special levies for local improvements." It also contained a proviso as follows: "that for road or school purposes the amount levied may be (increased?) 20 per cent for 1919 and 40 per cent for 1920, respectively, upon the basis of the assessed valuation of 1918." Laws 1919, § 1, chap. 214. For clarity the entire section is quoted:

· "For the year 1919 and 1920, the total annual amount of the taxes levied for any purpose, except special levies for local improvements and for the maintenance of sinking funds in any county or political subdivision thereof shall not exceed by more than 10 per cent the amount that would be produced by the levy of the maximum rate provided by law upon the assessed valuation of 1918; provided, that for road or school purposes the amount levied may be 20 per cent for 1919 and 40 per cent for 1920, respectively, upon the basis of the assessed valuation of 1918."

At the special session of the legislature held in November and December, 1919, this act was amended and re-enacted. In this act there is no change in the clauses above referred to. See § 1, chapter 51 of the laws of the Special Session of 1919. The next act is the one in question. It will be noted that, while special levies for local improvements and levies for the maintenance of sinking funds are excepted from the limitation in the identical language formerly employed in the Acts of the 1919 regular and special sessions, the proviso which expressly permitted an increase in the taxes levied for road or school purposes of 20 and 40 per cent, respectively, during the two succeeding years, is dropped and in its stead there is expressed an exception as follows: "except that school districts may levy not to exceed 30 per cent in excess of such amount."

The legislature in the two acts of 1919 expressly provided that the levies for road and school purposes might be increased in larger percentages than permitted in the case of other taxes levied for other purposes and, in so doing, it treated road taxes and school taxes alike as being taxes which would otherwise be subject to the limitation. Note the construction of the section. It first limits the amount of taxes that may be levied for any purpose, entirely excepting certain levies from the limitation. It then qualifies the preceding clause by a proviso that levies for road and school purposes may be increased in a larger percentage than that permitted by the general limitation. The deduction is inevitable that the proviso is applicable to the operative portion of the clause rather than to the exception. From this it follows that road taxes were not regarded as falling within the category of "special levies for local improvements" when this expression first came into use in connection with tax limiting legislation, and on elementary principles of construc-

tion the original meaning must still attach in the absence of a contrary indication. (See also similar language in § 2148, Comp. Laws of 1913.)

We think it a matter of no importance that the authority of the county commissioners to levy road taxes is expressed in different sections of the Political Code (Comp. Laws 1913, §§ 2150 and 1945), that taxes derived from one levy to be expended upon roads generally and from the other upon certain roads communicating with market places or shipping points (Comp. Laws 1913, § 1946.) Neither, we hink, does a road tax take on the characteristics of a special levy for a local improvement by becoming subject to disbursement on state or federal aid projects in co-operation with the state highway commission. See amendment to § 1946, Comp. Laws 1913 in chapter 131, § 13, Sess. Laws 1917. In any event the taxes retain all the characteristics of general taxes. They are spread uniformly throughout the county and are intended to subserve a co-extensive purpose rather than one peculiarly limited to the locality of a given improvement.

Being of the opinion that the act in question can not be construed to accord with the contentions of the appellant and that road taxes fall within the limitation and not the exception of § 2 of chapter 122, Session Laws of 1921, the judgment and order appealed from must be affirmed.

It is so ordered.

CHRISTIANSON, Ch. J., and NUESSLE, BURKE, and JOHNSON, JJ., concur.