SAUDEK, Respondent, vs. MILWAUKEE ELECTRIC RAILWAY & LIGHT COMPANY, Appellant.

*March 16—April 11, 1916.*

*Workmen's compensation: Death of city employee: Cause of action against third person: Assignment to city: Reassignment to widow: Validity: Consideration: Retention by city of control over litigation.*

1. After a cause of action in tort in favor of the widow of a city employee and against a wrongdoer whose negligence is alleged to have caused such employee's death had, pursuant to sec. 2394—25, Stats., become the property of the city, it reassigned the same to her by an instrument wherein she covenanted that she would prosecute the action; that the assistant city attorney should be retained by her and permitted to act as her attorney and should

have full control over the litigation; and that if she should collect any damages therein she would pay to the city, after deducting reasonable charges and expenses incurred, the amount so collected not exceeding the amount which the city had paid to her under the Workmen's Compensation Act, with interest,— any excess to be retained by her. *Held*, that since the widow thereby became liable to a judgment for costs in case she did not recover anything in the action, the assignment to her was not without a valuable consideration moving to the city; nor can it be said that such consideration is so grossly inadequate that the assignment amounted to a gift of public property for private purposes.

2. Such cause of action being, like other property of the city, under the management and control of the council, could be sold by it to any one for an adequate consideration.

3. The fact that the assistant city attorney was to have control of the litigation and of the amount for which the case might be settled, did not render the assignment void as against public policy—the agreement not being one between attorney and client.

4. A person may assign a cause of action owned by him and by the terms of the assignment retain control of the litigation.

SIEBECKER and ROSENBERRY, JJ., dissent.

APPEAL from an order of the circuit court for Milwaukee county: OSCAR M. FRITZ, Circuit Judge. *Affirmed.*

Action to recover damages for the death of plaintiff's husband, who at the time of his death was in the employ of the city of Milwaukee as a lineman, and who met his death, it is alleged, through the negligence of the defendant. The deceased was under the Workmen's Compensation Act, and plaintiff received from the city the sum of $3,000, the amount due her under the act. Subsequently the city assigned to her its cause of action under an agreement as follows:

"In consideration of the covenants herein contained, the said city of Milwaukee does hereby assign, transfer, and set over unto the said *Ordella Saudek,* her heirs and assigns, forever, any and all claims of whatsoever kind or nature which the said city of Milwaukee has or may have against the *Milwaukee Electric Railway and Light Company,* or any other person or persons, on account of the death of said Walter Saudek,

or of the payment by said city of Milwaukee to *Ordella Saudek* of the sum of three thousand dollars ($3,000) on account of said death. That said *Ordella Saudek* hereby expressly covenants and agrees that in case she shall collect any damages from any third person arising out of the death of Walter Saudek and pursuant to this assignment, that she will, after deducting all reasonable charges and expenses necessarily incurred in the prosecution of such claim, pay the amount so collected to the city of Milwaukee, provided, however, that if such net amount shall exceed the sum of three thousand dollars ($3,000), together with interest thereon at the rate of six per cent. (6 %) from the date of payment of said sum of three thousand dollars ($3,000) to *Ordella Saudek* by the city of Milwaukee, then in such case such excess shall belong to and be retained by the said *Ordella Saudek,* and said *Ordella Saudek* further agrees that the city of Milwaukee shall have a lien on the claim hereby assigned and on any moneys that may become payable to her by reason of a judgment upon said claim or a settlement of the same to secure the payment to the city of the said sum of three thousand dollars ($3,000) and interest, and that the said sum shall be paid directly by and from the party who is adjudged liable, or who agrees to pay the same, to the said city of Milwaukee. Said *Ordella Saudek* further agrees that she will promptly commence action against the *Milwaukee Electric Railway and Light Company,* or any other persons liable under said claim, and that the assistant city attorney who is in charge of the compensation claims of the city shall be retained by her and permitted to act as her attorney, together with such other attorneys as she may retain in the prosecution and settlement of said claim, and that said assistant city attorney shall have authority to determine what amount shall be accepted in settlement of said claim, and shall have charge of and control over the prosecution of said action, and may determine whether appeal shall be taken from any judgment which may be rendered therein, and said *Ordella Saudek* further agrees that she will execute such releases or other instruments as may be required to consummate any agreement of settlement of said claim which may be made on her behalf by the said assistant city attorney."

These and other facts material to a cause of action against the defendant appearing in the complaint, the defendant demurred thereto on the ground that it appeared from the complaint that no valid assignment of the city's cause of action against the defendant was made to the plaintiff. The demurrer was overruled and the defendant appealed.

For the appellant there was a brief by *Van Dyke, Shaw, Muskat & Van Dyke,* and oral argument by *Ralph M. Hoyt.*

For the respondent there was a brief by *E. L. McIntyre* and *Yockey & Simon,* and oral argument by *Mr. McIntyre.*

VINJE, J.   By virtue of the payment made by the city to the plaintiff of $3,000 in full for all claims by her against it under the Workmen's Compensation Act her cause of action against the defendant passed to the city and became its property to be dealt with by it the same as any other property of a like kind. *McGarvey v. Independent O. & G. Co.* 156 Wis. 580, 146 N. W. 895. The first claim of the defendant is that the reassignment of the cause of action to plaintiff is virtually a gift to her of public property for private purposes. Her deceased husband was only thirty-one years of age at the time of his death and had been earning $100 per month, hence it is urged the cause of action may be worth $10,000. For the city to sell it for a reimbursement of $3,000 and interest, if such or a greater sum over and above costs of suit is recovered, with free use of the city's legal department, is claimed to be tantamount to a donation of the cause of action to the plaintiff. We cannot concur in this view. No one can tell the value of the cause of action assigned. It may be worth much or nothing. It cost the city $3,000. Under the terms of the assignment the city is to be reimbursed that amount if a recovery of that amount and costs is had; if not, then a less amount depending upon the amount recovered, and nothing if no recovery is had. The assignee promises to prosecute the action and thereby becomes liable for a judgment of costs if she cannot recover anything. This in itself is a

valuable consideration moving to the city. In view of the other terms of the assignment we cannot say that it is so grossly inadequate as to amount to a gift of public property for private purposes.

The claim that the city has no charter powers to sell the cause of action is wholly untenable. Sec. 3, ch. IV, of the charter of 1905 says: "The common council shall have the management and control of the finances, and of all the property of the city, except as in this act otherwise' provided." The property in question does not come under any exception, so it is left under the control of the common council. Being under its control, it could sell it to any one for an adequate consideration.

Lastly, it is argued that the assignment is void on the ground of public policy because the city attorney has control of the litigation and of the amount at which the case may be settled; that such an agreement between an attorney and client is void. Conceding that such agreements between attorneys and clients are void, still that fact does not reach this case. Here the agreement is between the city and the plaintiff. The city, the assignor, retains the right to determine the amount at which the case may be settled and intrusts the execution of that right to its agent, the city attorney. The contract is between the assignor and assignee, and is more analogous to contracts between insurance companies and employers of labor in which the control of the litigation and right to settle is placed in the hands of the insurance company. In such cases there may arise a conflict of interest, as pointed out in *Wis. Z. Co. v. Fidelity & D. Co.* 162 Wis. 39, 155 N. W. 1081, but the contracts have nevertheless been held valid. The city as to this branch of the case stands in the same relation to plaintiff that indemnity insurance companies stand to the insured. A person may assign a cause of action owned by him and by the terms of the assignment retain control of the litigation. *Rucker v. Bolles,* 80 Fed. 504.

*By the Court.*—Order affirmed.

SIEBECKER, J. (*dissenting*).    I am unable to concur in
the decision of the court sustaining the assignment of the
city's cause of action to plaintiff.    The terms of this assign-
ment, in my opinion, do not effect a transfer of this claim,
and the transaction leaves the question of a valuable consider-
ation so doubtful as to affect its validity.    The formal terms
of the assignment. are that the city, "In consideration of the
covenants herein contained, . . . assign, transfer, and set
over to *Ordella Saudek,* her heirs and assigns, forever," the
claim of the city "against the *Milwaukee Electric Railway
and Light Company* on account of the death of said Walter
Saudek, or of the payment by said city of Milwaukee to *Or-
della Saudek* of the sum of three thousand dollars ($3,000)
on account of said death."    It also states that if *Ordella
Saudek* collects damages arising out of such claim ". . .
*that she will, after deducting all reasonable charges and ex-
penses necessarily incurred in the prosecution of such claim,*"
pay to. the city $3,000 with interest, and she is to receive the
excess, if any; the city reserves a lien on the money collected
by her, and that *Mrs. Saudek* will promptly commence an ac-
tion to recover on the claim.    It is also stipulated "that the
assistant city attorney shall be retained by her and permitted
to act as her attorney," with counsel she may retain "in the
prosecution and settlement of said claim, and *that said assist-
ant city attorney shall have authority to determine what
amount shall be accepted in settlement of said claim, and
shall have charge of and control over the prosecution of said
action, and may determine whether appeal shall be taken
from any judgment which may be rendered therein, and said
Ordella Saudek further agrees that she will execute such re-
leases or other instruments as may be required to consummate
any agreement of settlement of said claim which may be
made on her behalf by the said assistant city attorney.*"    By
these provisions the city in practical effect nullifies the pre-
ceding terms of transfer to plaintiff and confers on its assist-
ant city attorney full and unqualified dominion over the claim

and its enforcement thereof against any party liable for the alleged damages resulting from Saudek's death, and delegates to him the authority to determine whether or not the plaintiff shall be entitled to any interest in the claim. He is authorized to settle for an amount less or equal to or above the amount the city paid plaintiff on account of her husband's death. The expense of collection is also to be paid out of any money collected thereon. In substance and effect these conditions are repugnant to the idea that the claim is sold, assigned, and transferred to the plaintiff, for she has no right to deal with the claim as owner, as such control is delegated by the city to the assistant city attorney and authorizes him to do therewith as he may deem fit, regardless of plaintiff or the city. *Bernhardt v. Rice,* 98 Wis. 578, 74 N. W. 370. The extent of his authority is such that it does not require him to report his action to the common council for approval. The whole transaction, so far as the plaintiff is concerned, seems to disclose a purpose to have the city prosecute the alleged cause of action in plaintiff's name, pay the costs out of whatever sum is recovered, reimburse the city to the amount of $3,000 it paid plaintiff under the Compensation Act, and, if anything is realized in excess of these items, such excess is to go to plaintiff as a gift.

I am unable to concur in the view that the written assignment by its terms operated to transfer the claim of the city to plaintiff. I am also of the view that it was the object and purpose of the transaction to prosecute the claim in plaintiff's name for the benefit of the city and to make the plaintiff a gift of whatever amount might be realized above the expense of litigation and the amount the city had paid her on account of her husband's death, hence the demurrer should have been sustained.

ROSENBERRY, J. I concur in the above opinion of Mr. Justice SIEBECKER.