FRANKFORT GENERAL INSURANCE COMPANY OF FRANKFORT-ON-THE-MAIN, GERMANY, Respondent, vs. CITY OF MILWAUKEE, Appellant.

*September 15—October 3, 1916.*

*(1, 4) Municipal corporations: Streets and alleys: Injury from defect:
Notice of injury: Sufficiency.  (2) Appeal: Review: Questions
of fact: Exceptions.  (3) Workmen's compensation: Cause of ac-
tion against third person: Assignment.*

1. Where in an action for injury to a person driving out of an alley
   to a street, caused by a twelve-inch drop from the edge of the
   sidewalk to the surface of the street, the city put in evidence a
   plat showing the exact character of such drop, and there was
   no claim that the city was misled by any insufficiency in the
   notice of injury, inaccuracy in describing the place or failure
   to describe the defect which caused the injury did not render
   the notice invalid.
2. A finding of fact by the trial court which was not excepted to will
   not be reviewed on appeal; nor can questions of fact which were
   not raised or litigated in the trial court be raised for the first
   time in the supreme court.
3. A cause of action in tort which an injured employee had against
   another person and which became the property of his employer
   under sec. 2394—25, Stats., may be assigned by the employer.
4. After an alley had been used for several years and the approach
   thereto, from the roadway of a street to the lot line, and its con-
   dition and use had been acquiesced in and adopted by the city,
   the city built a sidewalk with longitudinal grooves in its sur-
   face and returned the curb to the sidewalk line, thus showing
   its assent to the continuance of the use of the alley.  It left,
   however, a perpendicular drop of about twelve inches from the
   edge of the walk to the surface of the street.  *Held* that, by so
   creating a defect within the limits of the street and by failing
   to restore the alley temporarily to a reasonably safe state for
   travel, the city made itself liable for an injury, caused by such
   defect, to a person driving out of the alley, even though it was
   under no obligation to make a permanent safe approach to the
   alley.

APPEAL from a judgment of the circuit court for Milwau-
kee county: W. J. TURNER, Circuit Judge.  *Affirmed.*

Action for personal injury, begun in the civil court of Milwaukee county. On November 21, 1914, one Mike Gadanecz, while in the employ of the Milwaukee Western Fuel Company, was injured while riding in an empty coal wagon driven out of an alley on to Sycamore street in the defendant city. The defendant had laid a concrete sidewalk upon the north side of the street and had left a drop of about one foot on the south side of the sidewalk. As the wheels of the wagon dropped down Gadanecz was precipitated from the seat of the wagon to the ground and was injured.

He received compensation from his employer under the Workmen's Compensation Act and his cause of action thereby became the property of the Milwaukee Western Fuel Company, which duly assigned it to the plaintiff herein. The civil court found for plaintiff, and upon appeal to the circuit court the judgment of the civil court was affirmed and the defendant appealed.

For the appellant there was a brief by *Clifton Williams,* city attorney, and *Eugene L. McIntyre,* first assistant city attorney, and oral argument by *Mr. McIntyre.*

For the respondent there was a brief by *Doe, Ballhorn & Doe,* and oral argument by *J. B. Doe.*

VINJE, J. The defendant claims plaintiff has no cause of action because (1) no notice of injury sufficient to comply with the provisions of sec. 1339, Stats. 1915, was served on the city; (2) Mike Gadanecz at the time of his accident was not performing services arising out of or incidental to his employment and was not upon the premises of his employer; (3) he never made a lawful claim against the Milwaukee Western Fuel Company for compensation; (4) any claim which may have accrued to the Milwaukee Western Fuel Company was not assignable to a third party; and (5) the city breached no duty owed to Mike Gadanecz either in the construction of the sidewalk in question or in failing to provide

a safe approach from Sycamore street to the sidewalk, and the alley.

1. The notice served upon the city stated:

"You are hereby notified that on November 21, 1914, the undersigned, Mike Gadanecz, sustained an injury on the north side of Sycamore street at the southerly end of the alley running north from said Sycamore street between Ninth and Tenth streets, the place of injury being between the driveway of said Sycamore street and the lot line on the north side of said Sycamore street. That the said injury was sustained because of the defective and insufficient character of said alley and street, for which injuries, consisting among other things of a broken femur, said Mike Gadanecz holds said city of *Milwaukee* liable in damages."

It is claimed this notice was insufficient because it did not advise the city whether the injury occurred north or south of the sidewalk—the distance between the north line of the six-foot concrete sidewalk and the lot line being three feet six inches, and between the south line of the sidewalk and the curb ten feet three inches. It is further claimed that the notice fails entirely to describe the insufficiency or want of repair that occasioned the injury. The pleadings and proof show that the injury was sustained at the south edge of the sidewalk by a drop of about twelve inches from the sidewalk down to the street or alley. No other defect was in dispute. It appears that the city put in evidence a plat of the *locus in quo* showing in detail the exact character of this drop, and no claim was made during the trial that it was misled by any want of sufficiency of the notice. Such being the case, the notice must be held sufficient under that part of sec. 1339, Stats. 1915, which provides that

"No notice given hereunder shall be deemed insufficient or invalid solely because of any inaccuracy or failure therein in stating the time, describing the place or the insufficiency or want of repairs which caused the damage for which satisfaction is claimed, provided it shall appear that there was no intention on the part of the person giving such notice to mis-

lead the other party and that such party was not in fact misled thereby."

In the absence of evidence showing that defendant was misled or not sufficiently informed, a liberal construction in favor of validity will be given such notices. *Benson v. Madison,* 101 Wis. 312, 317, 77 N. W. 161, and cases cited.

2. The second and third assignments of error may be disposed of together. The court found:

"That after his said injury said Gadanecz made a lawful claim against his employer, Milwaukee Western Fuel Company, for compensation under the Wisconsin Compensation Law; that both said Gadanecz and said Fuel Company were, at the time, under the provisions of that law; that subsequent to the making of said claim said Fuel Company duly assigned the cause of action belonging to said Gadanecz against said defendant city to the plaintiff in this action, and that said plaintiff is now the lawful owner of said claim and cause of action against said city."

This finding of fact was not excepted to, so the questions presented by these assignments of errors are not before us. Moreover, it appears that these questions were not litigated or raised either in the civil or circuit court. In such a state of the record they cannot be raised for the first time here.

3. The contention that even if the Milwaukee Western Fuel Company became the lawful owner of the cause of action which Mike Gadanecz had against the city it could not assign it to a third party has been negatived by this court. *Lehmann v. Farwell,* 95 Wis. 185, 70 N. W. 170; *McGarvey v. Independent O. & G. Co.* 156 Wis. 580, 146 N. W. 895; *Saudek v. Milwaukee E. R. & L. Co.* 163 Wis. 109, 157 N. W. 579.

4. Upon the issue of defendant's negligence in leaving a drop of twelve inches from the south edge of the sidewalk to the alley or street the trial court found:

"That said alley or driveway had been used for a period of four years and more prior to November 21, 1914, by various persons, in driving between Sycamore street and Grand avenue, for the purpose of making deliveries of merchandise to

said Aberdeen Hotel and to persons living on the premises fronting on the north side of Sycamore street and adjacent to said alley, and for other purposes, and that the approach to said alley from the roadway on Sycamore street to the north line of said street and its condition and its use had been acquiesced in and adopted by the city before the construction of said sidewalk in 1910."

The finding is sustained by the evidence, and it appears moreover that the city returned the curb to the sidewalk line and made longitudinal grooves in the concrete sidewalk across the alley, thus showing its assent to the continuance of the use of the alley.    It may be conceded for the purpose of this case that the city was under no obligation to make a permanent safe approach by pavement or otherwise to this alley.    The question is, Could it lawfully, by the building of the new sidewalk, render the crossing unsafe and leave it so, thus making a trap for travelers thereon?    We deem not.    It became its duty to make the crossing temporarily and reasonably safe by a sufficient fill of earth or other material.    In failing to do this it breached a duty it owed to the travelers thereon.

Counsel for the defendant relies upon the cases of *Bishop v. Centralia,* 49 Wis. 669, 6 N. W. 353; *Houfe v. Fulton,* 34 Wis. 608; and *Curtiss v. Bovina,* 138 Wis. 660, 120 N. W. 401, as negativing liability on the part of the city.    In each of those cases it was found that the injury occurred outside the limits of a lawfully laid out highway.    Here the injury occurred within the limits of Sycamore street and was the result of the positive acts of the city.    Whether it would have been liable for a defect due to a mere want of repair at the place of injury is a question that need not be decided.    Its liability is placed upon the ground that it failed to temporarily restore the alley to a reasonably safe state for travel after creating the defect by the laying of the sidewalk.    The rule invoked by defendant's counsel, that it is not the duty of a municipality to keep its highways safe for travel throughout their whole width, has no application to the present situation.

*By the Court.*—Judgment affirmed.