SWANSON, Respondent, vs. LAKE SUPERIOR TERMINAL AND TRANSFER RAILWAY COMPANY, Appellant.

*April 4—May 8, 1928.*

*Workmen's compensation: Assignment of claim against third party to employer: Action by employee upon reassigned claim: Complaint: Sufficiency.*

Under sec. 102.29, Stats., the final determination of the employer's liability to pay compensation to an injured employee under the workmen's compensation act is not a condition precedent to the employer's reassignment of the cause of action in tort against a third party to the employee, the making of the claim, not the payment of compensation, operating as an assignment of the cause of action to the employer; and a complaint which alleges a tortious injury, the making of a claim for compensation, and a reassignment of the cause of action to the employee is good on demurrer.

APPEAL from an order of the circuit court for Douglas county: W. R. FOLEY, Circuit Judge. *Affirmed.*

Action begun October 3, 1927, by *Peter Swanson* against the *Lake Superior Terminal and Transfer Railway Company* to recover for personal injuries sustained October 13, 1925. From an order overruling the demurrer to the complaint entered October 5, 1927, the railway company appealed.

*Peter Swanson* was employed on a coal dock. He alleges that he was injured by the negligence of the railway company as he crossed the defendant's tracks when leaving his place of employment. The complaint also alleges that the plaintiff and his employer, the Northwestern Fuel Company,

were both subject to the workmen's compensation act, and that an award of compensation had been made to the plaintiff; that the Northwestern Fuel Company had begun an action to set aside the award, alleging that the plaintiff is not entitled to compensation.

For the appellant there was a brief by *Murphy, Hughes & Anderson* of Superior, and oral argument by *C. J. Hughes.*

For the respondent there was a brief by *Powell & Sprowls* of Superior, *Humphrey Barton* of St. Paul, and *Grover & Ringham* of Grantsburg, and oral argument by *Mr. Barton.*

STEVENS, J. The case presents the single question whether the plaintiff has any right to prosecute an action in tort against the defendant railway company. Sec. 102.29 of the Statutes provides that "the making of a lawful claim against an employer or compensation insurer for compensation . . . for the injury or death of an employee shall operate as an assignment of any cause of action in tort which the employee or his personal representative may have against any other party for such injury or death." The complaint alleges the making of the claim for compensation and the reassignment of this cause of action in tort to the plaintiff by the employer.

Appellant's position is that the Fuel Company has no cause of action to assign to the plaintiff until it has been finally determined that the Fuel Company is liable to pay compensation to the plaintiff. This position overlooks the fact that under the statute it is the making of the claim, not the payment of compensation, that operates to assign the cause of action in tort to the employer.

But even if the appellant's construction of the statute were correct the demurrer must be overruled. The claim for compensation is either a lawful or an unlawful claim. If lawful, the making of the claim operated as an assignment of the cause of action in tort to the employer, who in turn has assigned it to the employee. If it was not a lawful claim,

sec. 102.29 of the Statutes did not operate to assign the action in tort to the employer and the plaintiff is free to prosecute his action against the railway company. In either case the complaint states a cause of action.

*By the Court.*—Order affirmed.