JOHANSON et ux. v. CUDAHY PACKING CO.

No. 6302.   Decided July 21, 1941.   (115 P. 2d 794.)

*A. H. Hougaard* and *E. LeRoy Shields,* both of Salt Lake City, for appellants.

*M. E. Wilson,* of Salt Lake City, for respondent.

PRATT, Justice.

Carl and Clara Johanson, plaintiffs herein, allege in substance in their complaint that Robert Johanson was their son; that they were dependents of his; that he was killed in the course of his employment with the Royal Crystal Salt

Company; that his death was due to the negligence of the defendant Cudahy Packing Company in having him back his truck into some high tension wires across the driveway leading to a place where he was to deliver salt to them from his employer's place of business; that plaintiffs were awarded $2,500 under the Workmen's Compensation Act of this state; that the London Guarantee & Accident Company, Ltd., was the insurance carrier in the case; that under section 42-1-58, R. S. U. 1933, said insurance carrier became subrogated to the rights of plaintiffs by reason of such award; that for a valuable consideration the insurance carrier executed and delivered to plaintiffs herein a "waiver of said right of subrogation and an assignment of its said cause of action against the defendant herein;" that plaintiffs are now the owners of said cause of action; and that they suffered damages in the sum of $2,950 as the result of Robert's death. Plaintiffs ask judgment for this amount. Defendant filed a demurrer. The demurrer was sustained and, as plaintiffs chose to stand upon their complant, the action was dismissed. Plaintiffs have appealed the case.

Section 42-1-58, R. S. U. 1933, reads as follows:

"When any injury for which compensation is payable under this title shall have been caused by the wrongful act of a third person, the injured employee, or in case of death his dependents, may at their option claim compensation under this title or have their action for damages against such third person; and, if compensation is claimed and awarded, the employer or insurance carrier *having paid the compensation shall be subrogated* to the rights of such employee or his dependents to recover against such third person; provided, if such recovery shall be in excess of the amount of the *compensation awarded and paid,* then such excess, less the reasonable expenses of the action, shall be paid to the employee or his dependents." (Italics added.)

It is rather obvious that the purpose of the act is to permit the insurance carrier, or the employer under like circumstances, to recover for itself the amount of money it had to expend as compensation, where the loss was caused by the wrongful act of a stranger to the employment of the

deceased. If the insurance carrier paid nothing for compensation, then it is not entitled to recover anything from the defendant. By its very terms, payment by the insurance carrier is a condition precedent to recovery. Subrogation arises only if the compensation has been paid. This is evidenced by the words in italics in the quotation.

Counsel and the lower court apparently acted upon the theory that the cause of action upon which plaintiffs brought suit was one which could not be assigned. If the cause cannot be assigned, amendments will avail plaintiffs nothing. This appeal is principally upon the question of whether or not the cause of action may be assigned.

Plaintiffs may not maintain this action in their own right. Section 42-1-58 offered them one of either of two alternatives. Their acceptance of either waived their rights under the other. Having accepted compensation, they are not permitted to sue for damages for the death of their son. The fact that they may possibly acquire the advantage of the excess in the judgment as the result of an action by the insurance carrier, if the latter enforces its rights acquired by subrogation, does not give the plaintiffs the right to sue the defendant to establish that excess. Their right in that matter is purely one which arises if and when a judgment is entered establishing the fact that there is an excess. The insurance carrier may, if it sees fit, refrain from enforcing the rights it acquired by subrogation, in which event the dependents, plaintiffs herein, have no complaint. They may not insist that the carrier enforce its rights. There is but one way that plaintiffs, the defendants, may sue, if they may sue at all, and that is as assignees of the insurance carrier's cause of action.

For the carrier to state a cause of action under section 42-1-58, it must allege not only the allegations necessary for the dependents to state a cause of action for the death of their son, but in addition thereto, that the dependents elected to take and were awarded compensation, and that the insurance carrier paid to the dependents that compensa-

tion. Plaintiffs suing as assignees, must include the same allegations in their cause of action. In other words plaintiffs as assignees do not rely simply upon the allegations which would have been sufficient to have supported a recovery by them had they, in the first instance, elected to sue for damages rather than to take compensation. Thus the question of whether or not the insurance carrier's cause of action under this section is one that may be assigned, is not the same question as that of whether or not the cause of action in favor of the dependents for the death of their son is one that may be assigned. Assuming that the latter were not subject to assignment, that difficulty is overcome in this case by the fact that section 42-1-58 transfers that cause to the carrier upon payment of the award of compensation. So transferred, there no longer remains a reason for adhering to the rule that the cause is not assignable, if that be the rule. By such transfer the cause of action for death loses its individuality as a complete cause of action, a statutory cause in favor of the insurance carrier. Subrogation keeps the cause of action for death alive when otherwise it would die with the payment and satisfaction of the award, keeps it alive for the purpose of securing to the one who pays the award, the recovery of the amount paid (6 C. J. S., Assignments, p 1051 § 2, subd. b(12), keeps it alive to become part of the statutory cause in favor of the carrier. It secures a right in the insurance carrier to recover a fixed amount of money. Possibly it may turn out as valueless security, but the right to its use as such security is existent, nevertheless.

When the dependents elect to take compensation, the award is made to them without regard to whether or not the defendant is a wrongdoer. When the insurance carrier pays that award it does so without regard to whether or not the defendant is a wrongdoer. By paying the award the carrier becomes entitled to such rights as the dependents have against the defendant, be they good, bad, or indifferent.

It is not until the carrier seeks to satisfy those rights acquired from the dependents that the question of the alleged wrongdoing of the defendant comes into the case. It is clear, then, that it is the payment of the award that gives birth to the carrier's rights. The facts upon which the cause of action for death is based, do not give birth to those rights. That birth is in a property, money, expenditure and not in the tort. The cause in tort is security for the satisfaction of the right born out of the property expenditure. The two together constitute the carrier's cause of action under section 42-1-58. Thus there is less reason for considering that statutory cause of action one in tort than there is for considering it in the nature of a property right in which the value is evidenced by the amount of the expenditure of money for and on behalf of another. The carrier's interests are measured by the amount paid and not by the personal relationship between the parents and son, which, in the cause of action for death, governs the amount of damages recovered. The latter merely goes to the question of the extent to which the carrier's interests may ultimately be satisfied. It would seem that the cause is one which should survive to the successor of the insurance carrier the same as any other cause in the nature of a property right.

We are of the opinion and so decide that the cause of action under section 42-1-58 in favor of the insurance carrier may be assigned.

The following cases discuss to some extent the matters discussed in this case, but they must be read in the light of the statutes of the states from which they are taken: *Ridley* v. *United Sash & Door Co.*, 98 Okl. 80, 224 P. 351, quoted with approval in *Eagle-Picher Lead Co.* v. *Kirby*, 109 Okl. 96, 235 P. 176; *Saudek* v. *Milwaukee E. R. & L. Co.*, 163 Wis. 109, 157 N. W. 579; *Frankfort General Ins. Co.* v. *Milwaukee*, 164 Wis. 77, 159 N. W. 581; *Martell* v. *Kutcher*, 195 Wis. 19, 216 N. W. 522; *Swanson* v. *Lake Superior Terminal & Transfer Co.*, 195 Wis. 633, 219 N. W. 274.

The complaint was insufficient as against a general demurrer since it does not contain an allegation that the in-

surance carrier has paid the award; but as the lower court's ruling was apparently predicated upon the theory that the cause of action was not assignable, we shall assume that that court would have permitted an amendment as to payment had it believed the cause assignable. For that reason the judgment of the lower court is vacated and the case remanded with permission to the parties to amend the pleadings if the parties desire and the facts justify that amendment.

Costs to appellants.

MOFFAT, C. J., concurs.

WOLFE, Justice (concurring).

I concur in the result. I do not agree, however, that this is a new cause of action which had its birth in the payment of the award by the insurance carrier. The cause of action, if any, has always been the same and arises out of the death caused by the alleged wrongdoing of the defendant. By § 42-1-58, R. S. U. 1933, where dependents of the deceased elect to claim compensation, the employer or insurance carrier which paid the compensation is subrogated to the rights of such employee or his dependents to recover against the third person. This, in effect, is a statutory assignment of a cause of action, ex delicto, from the dependents to the company which paid the compensation. Having thus been made assignable by statute, it may be re-assigned by the insurance carrier to the dependents. True, the common law test of assignability was survivability. Also true is it that nothing in the statute gives this action lodged in the dependents, survivability. There is nothing, however, which prevents the legislature from making assignable an action which may not survive. The fact that it has made an ex delicto action assignable to the party paying compensation, seems to me to have opened the door completely to general assignability. It has removed the common law restraint on assignability of tort actions for which restraint the basis has in most

cases long since ceased to exist. This conclusion meets the practical aspects of our problem. There appears to be no reason why the dependents should not take the cause of action from the insurance company and sue in their own names, when the company can sue in its own name, being required to turn over the excess to the dependents.

The mere fact that allegations must be contained in a complaint showing that the insurer has performed those conditions precedent to obtaining title to the cause of action, does not mean that he obtains a new cause of action. An endorsee of a promissory note would have to allege that he was the holder of the note in order to state a case in which he was entitled to judgment against the maker of the note, but the cause of action is still the breach of the contract by the maker to pay the note to the one entitled to receive payment. Likewise in this case the cause of action, or cause for the action, is the negligent killing of the employee, and that it remains, regardless of its passing into another's hands.

Therefore, I think it unnecessary to resort to the circuity of reasoning in the main opinion. The result may be reached in the more simple and direct manner here indicated.

LARSON, Justice (concurring in part, dissenting in part).

I concur in the holding by Mr. Justice PRATT that plaintiffs may not maintain this action in their own right; that when they elected to accept compensation, they waived all other rights and are not permitted to sue for damages for the death of their son. § 42-1-58, R. S. U. 1933. I concur in the holding of Mr. Justice McDONOUGH that when the injured party elects to take compensation the right to sue the third party on the theory of negligence, is by statute *vested solely* in the one who pays the compensation, be it employer or his insurance carrier, and is not assignable. I agree with Mr. Justice PRATT that the cause of action which the insurance carrier has, is not the same cause of

action as the plaintiffs could have pursued for the death of their son, had they not elected to take compensation. The cause of action of the carrier is a statutory one to enable it to recoup its losses caused by the negligent acts of the tort-feasor. The Workmen's Compensation Act placed industrial accidents upon a new basis and foundation. It abolished the old relations and liabilities of the common law master and servant relationship where the master was only liable for injuries to the servant, caused by negligence, and subject to the defenses of assumption of risk, fellow servant, and contributory negligence. In place of this relationship and tort liability, it created a relationship designated as employer-employee, in which the employee was made a part of the industrial setup, a part of the machinery of the industry. His injuries, however caused, if not purposely self-inflicted, were attributable to the normal operations of the industry; and compensation therefore, like the repair of the inert machinery of the industry, was made a charge on its operation and maintenance. Just as the industry must repair and maintain its machines, trucks, etc., so it must assume the expenses and losses incident to breakage of, and accidents to, its personnel, the human part of its industrial machinery, of its industrial setup. All accidents to personnel in industry within the act are made compensable at definitely fixed rates, and the industry must meet such payments as part of its maintenance charges. By industry within the Act, I mean industry which carries compensation insurance as required by law. This right to compensation is the sole remedy of the injured employee except in two cases, when the accident is caused by the willful wrong of the employer, and when the accident is due to the negligence of a third party, that is one not in or part of the industrial setup. We are here concerned only with the latter of these. In such case the employee is given his option, his election. He may say, I am part of the mechanism of the setup, through which this industry operates, and as such I claim compensation as part of its main-

tenance and operating costs; or he may say, I received an injury, from one who was not, or in a way which was not part of the operation and carrying on of this industry; I was tortiously injured and shall pursue the tortfeasor for damages. If he elects to pursue an action at law against the tortfeasor, he does so upon the theory that the injury was not result of, or carrying on of, the industry. Having taken that position he cannot receive industrial compensation. If he elects to receive compensation, he says in effect, by being a part of this industrial setup, of the machinery which operates this industry, I received this injury and therefore the industry should bear the costs thereof. Having claimed and received compensation on the theory that the industry, his employment, was the cause of this injury, he cannot pursue his remedy again on a different theory and against a different party.

The statute, Sec. 42-1-58, R. S. U. 1933, reads:

"When any injury for which compensation is payable under this title shall have been caused by the wrongful act of a third person, the injured employee, or in case of death his dependents, may at their option claim compensation under this title or have their action for damages against such third person; and, if *compensation is claimed and awarded,* the employer or insurance carrier *having paid the compensation shall be subrogated* to the rights of such employee or his dependents to recover against such third person; provided, if such recovery shall be in excess of the amount of the *compensation awarded and paid,* then such excess, less the reasonable expenses of the action, shall be paid to the employee or his dependents." (Italics added.)

When compensation is claimed and awarded, the carrier is subrogated to the rights of the employee against the tortfeasor to recover or recoup the loss which it has sustained for the industry due to the wrongful act of the tortfeasor. This right to pursue the third person is predicated upon compensation being *claimed and awarded* and the carrier's interest in the recovery from the third person is the *compensation it has paid* plus reasonable expenses of the action, that is what loss it has sustained. It is evident

therefore that the maximum recovery by the carrier is the amount of the compensation award made by the statute or the commission, and which it is liable to pay, that being the amount fixed by the law for the injury.

It is generally the case that an award is not payable in a lump sum, but is fixed as a weekly payment for a specified number of weeks, or until recovery or further determination. The employer or carrier need not wait until all these payments are made before it commences an action against the third party. That might take years, when witnesses would be unavailable, and perhaps limitations would have run. The action may be brought at any time when compensation has been awarded and paid, because such suit is to recoup the losses sustained by the industry or the insurance carrier on its behalf. The compensation award is against the employer for whom the insurance carrier makes the payments. Such suit is predicated upon this basis: The employee was a part of the industrial setup. He was injured by a third party. As a result the industry sustained a loss in compensation paid or awarded to be paid. This loss should be paid by the party whose negligence caused it. As an illustration suppose an employee is making deliveries in a small car. At an intersection a large truck crashes into them wrecking the car and injuring the driver. The employer can sue the trucker for damages to the car and even special damages because the car was a part of his industrial setup or business. Likewise when compensation has been awarded and he has paid part of the damages thus sustained, he may seek to recover the loss to the business, the industry, thus suffered and sustained because of the negligence of the trucker. The recovery in such case is limited by the extent of the damage to the industry, to its industrial setup. But when the whole award, for which the employer is liable has not accrued and been paid, the employer, if he recovers a judgment, may recoup into his treasury from such judgment, the amount actually paid out in compensation and costs of suit. The difference between what the

employer has paid, and the award which he must pay; the excess of the judgment over what the employer is presently entitled to recoup, goes to the employee on his compensation award to the credit of the employer and relieves him from making other payment to the extent of such payment to the employee. This is the excess referred to in the statute quoted above.

This must be the meaning, import and effect of the statute. Certainly the right to sue the third party in such case is vested solely in the one who pays the compensation. He has absolute control of the cause of action, the sole right to sue or not to sue. Since the payer of the compensation alone has control of the cause of action, the employee has no interest therein. He can have no right therein, for a right without a remedy is inconceivable. Since he has no interest therein, he would not be entitled to receive anything from it beyond his compensation. To allow therefor a judgment recovery in excess of the compensation awarded in a suit by the insurance carrier, would be to permit a pure gratuitous judgment to be entered in favor of one having no interest in the cause of action. Try to imagine a law requiring one person to give a gratuity to another.

The judgment of the trial court should be affirmed, and respondents entitled to their costs.

McDONOUGH, Justice (dissenting).

I dissent. Under Section 42-1-58, R. S. U. 1933, quoted in the prevailing opinion, is the "right of [the] * * * dependents to recover against such third person" to which the employer or insurance carrier is subrogated. The right to recover against such third person which vested in the dependents upon the death of the employee was the right to recover the damage done to them by the wrongdoer, the right to recover the monetary value to them of the decedent's life. This right was transferred by operation of law to

the insurance carrier upon the dependents' election to take compensation and the payment thereof. It was not part of this right but all of it. Such insurance carrier in pressing its cause of action would be required to adduce evidence of the actionable wrong of the third party and of the damage done to those *in whom the right of action was* prior to the election and payment which effected the statutory assignment. Compare *Baker* v. *Wycoff*, 95 Utah 199, 79 P. 2d 77.

Such is the import of the proviso in the statute to the effect that if the recovery by the insurance carrier be in excess of the amount of compensation paid, such excess be paid to the dependents.

If the limit of damages in an action by the assignee were the amount of compensation by it paid, there could be no excess. The measure of damages must then be other than such amount. We must assume that the legislature in providing for disposition of any excess supposed that an amount in excess of the compensation paid could, under proper instructions upon the measure of damages, be awarded. The damages, it seems clear, which the plaintiff, subrogated to the rights of the dependents, is entitled to recover are to be measured by the pecuniary loss caused the dependents by the death of the decedent. That such is the measure of damages under our "death statute," § 104-3-11, R. S. U. 1933, is the holding of *Rogers* v. *Rio Grande W. R. Co.*, 32 Utah 367, 90 P. 1075, 125 Am. St. Rep. 876. See, also *Parmley* v. *Pleasant Valley Coal Co.*, 64 Utah 125, 228 P. 557.

True, if the import of Section 42-1-58, R. S. U. 1933, quoted in the opinion of the court, were that the cause of action thereby vested in the employer or insurance carrier was to recover for the damage done to such employer or insurance carrier by the wrongdoer, in causing the death of the employee, the theory of the opinion of the court would be correct. See *Ridley* v. *United Sash & Door Co.*, 98 Okl. 80, 224 P. 351. That such is not the intendment is evi-

denced by the inescapable implication thereof relative to the measure of damages.

It does not follow that because the insurance carrier must allege facts showing that the cause of action is vested in it (by alleging payment by it of compensation after election by the dependents or injured employee) that it thereby evidences a different cause of action than that vested in the dependents or employer prior to the events effecting subrogation. If such were the case, then an objection to any suit of an assignee on the ground that the cause was not assignable, or to that of any executor or administrator on the ground that the action did not survive, could effectively be met by the former by arguing that in order to state a cause of action *in him* he had to allege an assignment; and by the latter by pointing to the necessary allegations in his complaint asserting his appointment and qualification as administrator; thus in either case exhibiting according to the court's opinion, as I understand it, a different cause than that evidenced where such allegations are wanting.

Clearly the cause of action sued on by the insurance carrier is that which vested in the dependents, and the allegations showing to the court that the former has been subrogated to the right to recover thereon merely shows that he is the proper party plaintiff.

I am further of the opinion that such statutory right to sue for the wrongful death of another as is given by our statute does not survive and hence is not assignable. There are apparently conflicting views on this proposition. See 16 Am. Jur. 42, 43, §§ 54, 55. However, some decisions turn on the wording of the "death statute" or on other statutes of the particular jurisdiction relative to survivorship. I find nothing in our statute, § 104-3-11, R. S. U. 1933, nor in our statutes relative to survivability of actions, §§ 102-11-5, 102-11-6, and 102-11-7, R. S. U. 1933, which expressly or by inference causes such action to survive.

"The only test of assignability in this state is whether the cause of action survives and passes to the personal representative of a

decedent." *National Union Fire Ins. Co.* v. *Denver & R. G. R. Co.,* 44 Utah 26, 137 P. 653, 655.

I think that the conclusion of non-survivability is more certainly reached under the statute, § 42-1-58, R. S. U. 1933, under consideration. Thereby the right of action is given the dependents, should they elect to sue, not to the heirs or personal representative for the benefit of the latter. Section 104-3-11 (providing a right of action in the heirs or the personal representative of the deceased for injuries resulting in the death of the latter) excepts therefrom cases covered by 42-1-58. The earlier statute, §3132, Chap. 67, Laws of Utah 1921, amended in 1933 by 42-1-58, made compensation the exclusive remedy where the injury or death of the employee was caused by the wrongful act of a third person, but provided that as a condition to receiving compensation the employee or dependents, as the case might be, should assign any cause of action existing against the wrongdoer to the one liable for the payment of compensation. Chapter 67, Laws of Utah 1921 provided that the dependents or the personal representative, and not the heirs should have the right and power to make the assignment. § 3133. It further provided that "such cause of action is by this section made assignable, whether it be for injury or death." The quoted provision does not appear in the statute under consideration and the section in which it did appear was repealed at the time of the adoption of the Revised Statutes of Utah 1933. See § 88-1-2, R. S. U. 1933. The action of the legislature in repealing the statute wherein such provision appeared, and at the same time enacting the statute in its present form providing for subrogation, is some evidence of a legislative intent to restrict the right of assignment.

In *Lang* v. *Brooklyn City R. Co.*, 217 App. Div. 501, 217 N. Y. S. 277, 279, affirmed 247 N. Y. 551, 161 N. E. 178, the injured employee elected to take compensation which was paid by the insurance carrier, the latter receiving an assignment of the employee's right of action against the

third party. Thereafter the insurance carrier in effect assigned back to the employee any amount recovered above the amount paid by it as insurance carrier, and it was attempted to make such employee a party plaintiff. The appellate division of the Supreme Court, in upholding the action of the trial court in striking the name of the employee as party plaintiff, asserted as one of several bases of its decision: "One [objection] is that, it being essentially a tort claim, it cannot be assigned, except by special permit of statute. This permission is granted in respect of the employee's right to assign his claim against a third party, but the statute does not further give any right of the subrogee or insurance carrier to reassign to the injured person any part of its recovery over and above what it had to pay as compensation. He has his election to sue, or to take the compensation benefits, and this transaction of reassignment nullifies the apparent scheme of the statute." This last observation of the New York court is peculiarly apt when applied to the scheme of the statute here involved.

To summarize: (1) The cause of action in question is such that it is, absent statutory authorization, not assignable; (2) the provisions of our statute subrogating the employer or insurance carrier to the dependents' right to sue the negligent third party does not evidence a legislative intent to clothe the cause of action with the character of general assignability; (3) Such cause of action is not made assignable by any other provision of our statutes.

Hence the trial court's ruling to such effect was correct and should be affirmed.