## RIDLEY v. UNITED SASH & DOOR CO. et al.

No. 13657—Opinion Filed March 11, 1924.

1. **Master and Servant—Workmen's Compensation Law—Election of Remedies by Injured Servant.**

If a workman entitled to compensation under the Workmen's Compensation Act, chapter 56, Comp. Stat. 1921, be injured by the negligence or wrong of another not in the same employ, such injured workman shall, before a suit or claim under the act, elect whether to take compensation under

this act, or to pursue his remedy against such other. Such election shall be evidenced in such manner as the commission may by rule or regulation prescribe. If he elects to take compensation under said act, the cause of action against such other shall be assigned to the insurance carrier liable for the payment of such compensation.

**2. Same—Restriction to One Remedy.**

By the provisions of section 7302, Comp. Stat. 1921, an employe injured under such circumstances as to afford him a right to compensation as against his employer and also to impose a liability in damages on a third person, has a right to elect to seek compensation or damages, but he cannot recover both damages and compensation.

**3. Same—Payment of Compensation—Subrogation of Employer to Claimant's Right of Action Against Third Party—Recovery by Servant as Assignee of Claim.**

An employer, or insurance carrier, who has been compelled to pay compensation to an employe because of injury received from the negligence of a third person, may assign the right of action against such negligent third person, and where such assignment is made by the employer to the injured employe, who thereupon sues upon said assignment, the limit of recovery is the amount for which such employer was subrogated, together with legal interest thereupon from the date of subrogation.

(Syllabus by Pinkham, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Tulsa County; Valjean Biddison, Judge.

Action by Robert Paul Ridley, a minor, by Anna Hawks, mother and next friend, against United Sash & Door Company, a corporation, and Roy S. Williams, for personal injuries. From a judgment in favor of the plaintiff, the plaintiff appeals. Affirmed.

Harvey & Day and Robinett & Ford, for plaintiff in error.

Stanley, Stanley & Hiebsch, J. B. Patterson, and Hagan & Gavin, for defendants in error.

Opinion by PINKHAM, C. This is an appeal by plaintiff in error (plaintiff below) from a judgment of the district court of Tulsa county, rendered in favor of the plaintiff in error and against the defendants in error (defendants below.)

The parties will be referred to as they appeared in the trial court.

The action was one for personal injuries based upon the alleged negligence of the defendants. The defendants filed a joint answer which sets out as a defense, first, a general denial; second, a plea of contributory negligence; and, third, that the plaintiff was an employe of the Western Union Telegraph Company at the time he was injured and that the plaintiff after he was injured, elected to take compensation under the Workmen's Compensation Act of the state of Oklahoma for his injuries, and filed a claim therefor, and that an award was made by the commission which was paid to and accepted by the plaintiff, and that on account of plaintiff's election to take compensation and having accepted the same that the plaintiff could not recover damages from the defendants on account of his injuries. A copy of the order of the State Industrial Commission was attached to the defendants' answer.

Plaintiff for reply set out that he was not limited to recovery of the amount of compensation paid by the Western Union Telegraph Company, whose claim had been assigned to him, for the reason that he was not bound by his election to claim compensation and for the further reason that the compensation laws of the state of Oklahoma did not apply to the Western Union Telegraph Company for the reason that said company was engaged in interstate commerce and was not subject to the Workmen's Compensation Act. Said reply further claimed that the plaintiff was not engaged in hazardous employment as defined by the Workmen's Compensation Law and for that reason it was not applicable.

The case was tried before a jury and resulted in a verdict for the plaintiff against both of the defendants in the sum of $354, and interest at 6 per cent. per annum from June 8, 1920.

Plaintiff filed separate motions for a new trial as to each of the defendants, which were overruled by the court and excepted to by the plaintiff. The case has been duly appealed to this court.

Plaintiff assigns as error: First, that the court erred in giving instructions Nos. 16 and 17 to the jury; second, that the court erred in refusing to grant plaintiff a new trial as to both of the defendants.

The instructions complained of are to the effect that if the jury was of the opinion that the plaintiff was injured through the negligence of the defendant, Williams, and that said defendant was at the time of said injury acting within the course of his employment as an agent of the defendant United Sash & Door Company, the jury should return a verdict against the United Sash & Door Company in such sum as the jury may see fit, not exceeding, however, the amount awarded plaintiff by the State Industrial Commission, to wit, $354, and in-

terest at 6 per cent. per annum from June 8, 1920.

It is contended by the plaintiff that the giving of these instructions which limited plaintiff's recovery to the amount of compensation that he had theretofore been paid constituted prejudicial error against the plaintiff. The argument is that under the compensation act of Oklahoma, passed in 1915, the plaintiff could accept compensation from his employer and then sue a third party for damages who was responsible for his injuries and recover the difference between the amount of damages actually sustained and the total amount of compensation received by the employe from his employer.

The determination of the question presented depends upon the proper construction to be given section 18 of the Workmen's Compensation Act of 1915 (sec. 7302, Comp. Stat. 1921), which is as follows:

"If a workman entitled to compensation under this act be injured by the negligence or wrong of another not in the same employ, such injured workman shall, before any suit or claim under this act, elect whether to take compensation under this act or to pursue his remedy against such other. Such election shall be evidenced in such manner as the commission may by rule or regulation prescribe. If he elects to take compensation under this act, the cause of action against such other shall be assigned to the insurance carrier liable for the payment of such compensation, and if he elects to proceed against such other person or insurance carrier, as the case may be, shall contribute only the deficiency, if any, between the amount of the recovery against such other person actually collected, and the compensation provided or estimated by this act for such case. The compromise of any such cause of action by the workman at any amount less than the compensation provided for by this act shall be made only with the written approval of the commission, and otherwise with the written approval of the person or insurance carrier liable to pay the same."

In 28 R. C. L. 833, it is said:

"In many situations the employe has a choice of remedies; he may proceed under the statute to secure an award of compensation, or he may institute an action at law against a third person whose conduct was such as to render him responsible.

"But the employe is not entitled to a double recovery; having pursued one remedy, he is barred from subsequently invoking the other. Milwaukee v. Althoff, 156 Wis. 68, 145 N. W. 238, L. R. A. 1916A 327. L. R. A. 1916A 101, 361; L. R. A. 1916D 100; Ann. Cas. 1916B 1224. Contra, Merrill v. Marietta Torpedo Co., 79 W. Va. 699, 92 N. E. 112, L. R. A. 1917F 1043."

Where an injury is caused by the negligence of a third person, and the insurance carrier of the employer has paid compensation the right of the employe as against the third person was subrogated to the insurance carrier of the employer, and the employe then has no right of action against the third person. (Schneider, Woorkmen's Compensation Law, vol. 1, page 190); Royal Indemnity Co. v. Platt & Washburn Refining Co. (1917) 98 Misc. 631, 163 N. Y. Supp. 197; Louis Bossart & Sons v. Piel Bros., 182 N. Y. Supp. 620; Mayor and Council of Hagerstown v. Schreiner (Md.) 109 Atl 464; Labuss v. Worchester Consol. Ry's. Co., 231 Mass. 170, 120 N. E. 381.

It is a cardinal rule in the construction of statutes that effect is to be given, if possible, to every word, clause, and sentence. 36 Cyc. 1128.

The statute above quoted provides: First, that where the injuries of a workman result from the action of some third person the injured workman "shall elect" whether to take compensation under the act or to pursue his remedy against such other.

The section referred to further provides "if he elects to take compensation under this act, the cause of action against such other shall be assigned to the insurance carrier liable for the payment of such compensation," meaning as we view it the amount of compensation awarded the plaintiff under the act.

"By the ordinary provisions of the compensation acts, an employe injured under such circumstances as to afford him a right to compensation as against his employer, and also to impose a liability in damages on a third person, has a right to elect whether he will seek compensation or damages, but he cannot recover both damages and compensation" Workmen's Compensation Acts; A Corpus Juris Treatise, pages 140-141.

Counsel for plaintiff in their able brief cite a number of authorities in support of the contention that it was error to limit the plaintiff's recovery to the amount which the Western Union Telegraph Company would have been able to recover against the defendant. These cases have been carefully examined. In most of them it appears that where a double remedy is allowed, either the statute construed in those cases did not provide for an election of remedies or specifically permitted and authorized such double remedies.

The case of Book v. City of Henderson (Ky.) 197 S. W. 447, cited by plaintiff, is a case construing a statute almost identical to the statute of Oklahoma. This case supports the contention of the plaintiff. The

Supreme Court of Indiana, in the case of Pittsburg Ry. Co. v. Parker, 19 A. L. R. 751, in referring to that case, said:

"Counsel for the appellee cite and rely upon the case of Book v. Henderson, 176 Ky. 785, 197 S. W. 449. But the reasoning of the opinion in that case does not appeal to us and it is opposed to the great weight of authority"—citing a number of cases.

In the case of Godfrey v. Brooklyn Edison Co., 187 N. Y. Supp. 263, the court held in construing a statute almost identical with the law of Oklahoma:

"Under Workmen's Compensation Law, sec. 29, as amended by Laws of 1917, c. 705, until there has been an award of compensation to an injured employe he is free to forego compensation under the compensation law and pursue his right to recovery of ordinary damages from the direct tort-feasors; it not being now the electing to claim compensation under the compensation law, but the actual awarding of it which is decisive and binding."

In the opinion the court said:

"It has been pointed out that 'the reason for the (old) statutory declaration as to election is founded upon the common law rule that there should not be a double satisfaction for the same injury.' Miller v. N. Y. Ry. Co., 171 App. Div. 316, 157 N. Y. S. 200, 201. The reason for the amendment rests upon an even closer analogy to the common law. It adopts the rule 'where the party has two or more remedies for the same wrong in which the measure of damages might be different electing one and pursuing it to judgment is a bar to any other remedy.' Miller case, supra, 171 App. Div. at page 319, 157 N. Y. S. at page 202."

It has been held in Illinois that in case an employer is subrogated to the rights of the employe, or his personal representative, to recover against the negligence of a third party, the amount of the recovery is limited to the aggregate amount of the compensation payable under the act. Keeram v. Peoria B. & C. Traction Co. (1917) 277 Ill. 413, 115 N. E. 636; 19 A. L. R. 792.

Under the Michigan act an employer who, having been compelled to pay compensation to an injured employe, seeks to enforce the liability of a third person whose negligence caused the injury, can recover only the amount which he has been compelled to pay as compensation, and cannot recover the sum which the injured employe himself would have recovered had he elected to bring the action himself, since an employer may not be permitted to speculate on the misfortunes of his employes nor can he recover the amount upon the theory that a trust should be impressed on the excess recovered

in favor of the injured party, since the injured party cannot have two remedies, and has elected his remedy under the compensation act. Albert A. Albrecht Co. v. Whitehead & K. Iron Works (1918) 200 Mich. 109, 166 N. W. 855, 19 A. L. R. 792.

In the case of Pittsburg Ry. Co. v. Parker (Ind.) 132 N. E. 372, 19 A. L. R. 751, it is held:

"Under a statute permitting an employe injured by the negligence of a stranger to claim compensation under the Workmen's Compensation Act, or proceed against the third person to recover damages, declaring that he shall not collect from both, but that the employer, having paid the awarded compensation, may recover the amount from such stranger, an employe who collects compensation awarded under the Compensation Act cannot maintain an action against the stranger."

We are of the opinion that the Legislature intended in the enactment of the Workmen's Compensation Act of 1915 that the injured employe should have but one satisfaction for his injuries; that he "shall elect" to either pursue his remedy against a third person in damages or to pursue his remedy against the employer for compensation.

In this case the plaintiff proceeded against his employer under the act and received the award. The employer of the plaintiff, the Western Union Telegraph Company, by the terms of the act, had a cause of action against the defendants, who were liable to it for the payment of the amount of the award. The Western Union Telegraph Company, having assigned its cause of action to the plaintiff, the plaintiff was not entitled to recover any greater sum than the Western Union Telegraph Company could have recovered if no assignment of the cause of action had been made; that is to say, the amount which it had been compelled to pay under the award of the commission.

We think the court committed no error in its instructions, and that the judgment of the trial court should be affirmed.

By the Court: It is so ordered.