WILLIAM HESSION, Appellant, *v.* SARI CORPORATION, Respondent, Impleaded with Others.

Argued May 20, 1940; decided July 24, 1940.

*Walter K. Pick* and *Myron J. Greene* for appellant. The provisions of section 29 of the Workmen's Compensation Law (Cons. Laws, ch. 67), as amended by chapter 684 of the Laws of 1937, apply to and govern the case at bar. (*Curtis* v. *United States Trucking Corp.*, 2 N. Y. Supp. [2d] 248; *Laird* v. *Carton*, 196 N. Y. 169; *Deuscher* v. *Cammerano*, 256 N. Y. 328; *Matter cf Berkovitz* v. *Arbib & Houlberg*, 230 N. Y. 261; *Matter of Vincent* v. *Allerton House Co.*, 256 N. Y. 522; *Matter of Callari* v. *N. Y. State Rys.*, 246 App. Div. 332; *Kane* v. *Morse Dry Dock & Repair Co.*, 250 App. Div. 888; *Liberty Mutual Ins. Co.* v. *N. Y. & Queens Electric Light & Power Co.*, 161 Misc. Rep. 491; *Matter of Orton* v. *Olds Motor Works*, 229 App. Div. 46.) No rights that might be affected by the amendment to section 29 of the Workmen's Compensation Law had vested on September 1, 1937. (*Hodges* v. *Bewley Truesdale Contracting Co.*, 231 App. Div. 495; *Godfrey* v. *Brooklyn Edison Co.*, 115 Misc. Rep. 21; *Penziner* v. *West American Finance Co.*, 10 Cal. [2d] 160; *Billiard Table Mfg. Corp.* v. *First Tyler Bank & Trust Co.*, 16 Fed. Supp. 990; *U. S.* v. *Chambers*, 291 U. S. 217; *Hertz* v. *Woodman*, 218 U. S. 205; *New London Northern R. R. Co.* v. *Boston & Albany R. R. Co.*, 102 Mass. 386; *Wrentham* v. *Fales*, 185 Mass. 539; *People ex rel. Albright* v. *Firemen's Pension Fund*, 103 Col. 1.)

*William B. Davis, William C. Olsen, Theodore L. Karpf* and *E. C. Sherwood* for respondent. The defense contained in the supplemental answer of the defendant-respondent is sufficient in law. (*Matter of Miller*, 110 N. Y. 216; *Jacobus* v. *Colgate*, 217 N. Y. 235; *Dalziel* v. *Rosenfeld*, 265 N. Y. 76; *Autocar Sales & Service Co.* v. *Hansen*, 270 N. Y. 414;

*Addiss* v. *Selig*, 264 N. Y. 274; *Orinoco Realty Co.* v. *Bandler*, 233 N. Y. 24.)

LOUGHRAN, J. On April 7, 1937, the plaintiff was injured while in the course of his employment as a workman of a contractor who was engaged in work upon a building owned by the defendant. On October 25, 1937, he brought this action to recover his damages, alleging that his injuries had been caused by a wrong of servants of the defendant. Issue was joined on December 9, 1937.

On September 25, 1939, the defendant moved for leave to serve a supplemental answer. (See Civ. Prac. Act, § 245.) This motion was denied by Special Term and granted at the Appellate Division where the plaintiff was permitted to take this appeal to us on the question whether the order of Special Term was "properly made." The proposed supplemental answer sets forth as a defense that in the period from December 13, 1937, to December 12, 1938, plaintiff accepted from the insurance carrier of his employer awards of workmen's compensation aggregating $4,604, exclusive of medical expenses. Whether this defense is sufficient in law is the question upon which, as we suppose, the Appellate Division intended to call for our decision.

At the time the plaintiff was injured (April 7, 1937), section 29 of the Workmen's Compensation Law (Cons. Laws, ch. 67) provided: " If an employee entitled to compensation * * * be injured * * * by the negligence or wrong of another not in the same employ, such injured employee * * * shall, before any suit or any award * * * elect whether to take compensation * * * or to pursue his remedy against such other. * * * *If such injured employee * * * elect to take compensation * * * the awarding of compensation shall operate as an assignment of the cause of action against such other * * * to the person * * * or insurance carrier liable for the payment of such compensation.* If such * * * person * * * or carrier, as such an assignee, recover from such other * * * a sum in excess of the total amount of compensation awarded to such injured employee

\* \* \* and the expenses for medical treatment paid by it, together with the reasonable and necessary expenditures incurred in effecting such recovery, it shall forthwith pay to such injured employee \* \* \* two thirds of such excess, and to the extent of two-thirds of any such excess such recovery shall be deemed for the benefit of such employee \* \* \*." (Laws of 1935, ch. 328. The emphasis is ours.)

As of September 1, 1937, section 29 was amended so as to provide: "If an employee entitled to compensation \* \* \* be injured \* \* \* by the negligence or wrong of another not in the same employ, *such injured employee* \* \* \* *need not elect whether to take compensation* \* . \* \* *or to pursue his remedy against such other but may take such compensation and at any time either prior thereto or within six months after the awarding of compensation, pursue his remedy against such other subject to the provisions of this section.* If such injured employee \* \* \* take or intend to take compensation \* \* .\* and desire to bring action against such other, such action must be commenced not later than six months after the awarding of compensation and in any event before the expiration of one year from the date such action accrues. In such case, \* \* \* the person \* \* \* or insurance carrier liable for the payment of such compensation, \* \* \* shall have a lien on the proceeds of any recovery from such other, \* \* \* after the deduction of the reasonable and necessary expenditures, including attorney's fees, incurred in effecting such recovery, to the extent of the total amount of compensation awarded \* \* \* and the expenses for medical treatment paid by it and to such extent such recovery shall be deemed for the benefit of such \* \* \* person \* \* \* or carrier." (Laws of 1937, ch. 684. Again the emphasis is ours.) These provisions were in effect on December 13, 1937, when the first award of workmen's compensation was made to the plaintiff.

The Appellate Division was of opinion that the foregoing 1937 amendment of section 29 could not be invoked by the plaintiff and that this action was precluded by the former

provisions of section 29 first quoted above. " If [the law], as amended by chapter 684 of the Laws of 1937, were applicable," said the court, " there would be a material change, not in procedure, but in vested rights accrued under chapter 328 of the Laws of 1935." (258 App. Div. 969, 970.)

We can conceive of no right of the defendant against the plaintiff that had vested or accrued under the statute before the amendment of section 29 as of September 1, 1937. When that amendment took effect this action had not been commenced. No award of workmen's compensation had then been made to the plaintiff. All that had theretofore happened was that the plaintiff had been injured. Any resulting liability of the defendant was extrinsic to the Workmen's Compensation Law. In the language of the cases dealing with that statute, the defendant is a third party. The statute has never defined the status of such a party. " He has nothing whatever to do with this law, except to pay the damages for which he is liable." (*O'Brien* v. *Lodi*, 246 N. Y. 46, 50.) In short, the 1937 amendment of section 29 affected only matters of judicial procedure and consequently was applicable to the plaintiff's alleged previously existing cause of action against the defendant. (See *Matter of Berkovitz* v. *Arbib & Houlberg, Inc.*, 230 N. Y. 261, 270; *Deuscher* v. *Cammerano*, 256 N. Y. 328.) The defense set forth in the proposed supplemental answer was, therefore, insufficient in law. Perhaps it should be noticed that the contrary conclusion of the court below meant that the plaintiff was to bestow upon the insurance carrier of his employer one-third of any damages payable by the defendant in excess of the total of benefits received by the plaintiff under the statute.

The order of the Appellate Division should be reversed, with costs in this court and in the Appellate Division, and the order of the Special Term affirmed. The question certified is answered in the affirmative.

FINCH, RIPPEY, SEARS, LEWIS and CONWAY, JJ., concur; LEHMAN, Ch. J., taking no part.

Ordered accordingly.