[Civil No. 4437.   Filed December 8, 1941.]

[119 Pac. (2d) 934.]

THE INDUSTRIAL COMMISSION OF ARIZONA, Appellant, v. JOHN D. NEVELLE and LILLIAN NEVELLE, Husband and Wife, Appellees.

Mr. Rouland W. Hill and Mr. Howard A. Twitty, for Appellant.

Mr. Frederic G. Nave, for Appellees.

LOCKWOOD, C. J.—On December 7, 1939, Estelle C. Napier, called the employee, was driving a motor vehicle for the Rollings-Dawson Motor Company, in the course of his employment. An automobile driven by Lillian Nevelle, called defendant, collided with his car, as a result of which he was severely injured. He applied to the Industrial Commission of Arizona, called the commission, for compensation, and an award was made finding that he was injured by an accident caused by the negligence of defendant and arising out of and in the course of his employment, and awarding him $1,101.35, which was duly paid from the state compensation fund. The commission thereafter brought this suit under the provisions of section 56–949, Arizona Code 1939, which reads so far as material as follows:

*"Liability of third person to injured employee.—* If an employee entitled to compensation hereunder is injured or killed by the negligence or wrong of an-

other not in the same employ, such injured employee, or in case of death, his dependents, shall elect whether to take compensation under this title or to pursue his remedy against such other. If he elect to take compensation, the cause of action against such other shall be assigned to the state for the benefit of the compensation fund, or to the person liable for the payment thereof, and if he elect to proceed against such other, the compensation fund or person, shall contribute only the deficiency between the amount actually collected and the compensation provided or estimated herein for such case. . . . ''

alleging that the accident above referred to was caused by the negligent conduct of defendant, setting up the injuries to Napier, his claim for compensation, and the award and payment made thereon, and asking (a) for damages against defendant and her husband, John D. Nevelle, for the sum of $5,000, and (b) that the court decree that from any judgment rendered the commission should retain the amount which it had paid to Napier, plus its costs, and the balance should be paid to the latter. Defendant appeared, admitting the accident, but denying any negligence on her part, and alleging that it was caused by the sole negligence of Napier. She further moved to strike those portions of the complaint praying for damages in the sum of $5,000, and that the commission might retain the amount which it had paid to Napier under its award and pay the balance to the latter. This motion was granted by the court, and the commission refusing to comply with such order, the action was dismissed, whereupon this appeal was taken.

The questions before us for consideration on the appeal are (a) whether under section 56–949, *supra,* when a party who is injured in the course of his employment by the negligent conduct of a third person elects to take compensation under the Act rather than to sue the third person in negligence, the commission to

whom his claim against the third party is assigned by operation of law is limited in its recovery to the amount of compensation awarded, or whether it may recover any amount which the jury may desire to give it, in the same manner as though the action were by the injured party, and (b) whether if it may make such recovery, and the amount of the judgment is greater than the compensation paid, it may pay the excess to the injured party.

██ ██ Both parties appeal to the case of *Moseley* v. *Lily Ice Cream Co.*, 38 Ariz. 417, 300 Pac. 958, 960, as, in effect, determining the rule in their favor. In that case the factual situation was as follows: Moseley, while in the employ of Maricopa County and in the course of his employment, was injured by a truck owned by the Lily Ice Cream Co., a corporation. He made application to the Industrial Commission of Arizona for compensation under the Act, and was awarded a certain amount which was paid to him. The commission then collected from the Lily Ice Cream Co., the amount which it had paid to Moseley and for medical services rendered him as a result of the accident. Subsequently Moseley brought this action against the Lily Ice Cream Co., asking for $5,000 damages. The latter answered, setting up the facts and urging that Moseley's right of action had been finally terminated under section 1435, Revised Code 1928, which is identical with section 56-949, *supra*. We said:

" . . . We are of the opinion both on authority and on a logical interpretation of the language of our statute that, under its provisions, when payment under the Compensation Act is chosen by the injured employee, his rights of every nature against the third person pass as a matter of law to the state or other insurer, and no right of action, either direct or indirect, remains in him as against such third person."

The question of the amount which might be recovered by the commission was not discussed, as that was not an issue in the case, but we did explicitly and expressly hold that any right which the injured employee might have had against a third person no longer belonged to him, but was vested in the commission. This being true, we think there can be no question that no matter how much the commission may recover in its action, the injured employee may have no part nor parcel therein. Further, the statute expressly says that the recovery is to be by "the state for the benefit of the compensation fund." Payments out of the compensation fund may be made only when it is expressly so provided by the statute. The condition precedent to the vesting of the cause of action in the state was the election by the injured employee to take payment from the compensation fund, and having received his award therefrom, the commission is without jurisdiction to pay him any further or additional sum from the fund except as he may show he is entitled to an additional award under the Act. The trial court, therefore, properly struck from the complaint that portion asking that it be decreed that any excess of judgment over the amount recovered by the commission should be paid to Napier. Whatever its right of recovery was, the amount recovered must be paid into the compensation fund and paid out of it only in the manner provided by law.

■ There are a number of jurisdictions where this is not the rule, but in every such case, so far as we have been able to ascertain, the statute applicable contains a special provision authorizing any surplus recovered to be paid to the injured employee. The question, however, of whether the amount to be recovered by the commission is to be limited to the compensation which it has paid or is bound to pay to the em-

ployee is a more serious one. It has come up in a great many of the states and the decisions thereon vary greatly. Most of them are based on special provisions of statutes dissimilar to ours. We have found, however, certain states where the statute is almost identical with that of Arizona, either in language or in meaning. Among them are New York, Oklahoma, Washington and Michigan. In New York, after some apparent indecision, the court in the case of *Travelers' Ins. Co.* v. *Brass Goods Mfg. Co.*, 239 N. Y. 273, 146 N. E. 377, 378, 37 A. L. R. 826, stated:

" . . . It has been held in several cases that these remedies are to be limited by the loss which the carrier has sustained because it has or may be compelled to make payments to the dependents. We see no basis for any such rule. Ordinarily the assignee of a cause of action recovers in the right of his assignor and to the extent that the assignor might himself recover. How much the assignee might have paid for the transfer to him, and whether the damages allowed are more or less than the sum so paid, is entirely immaterial. The general rule with regard to confining damages to compensation applies to the party originally injured, not to his assignee. There is no reason that the same rule should not apply to the assignment of a cause of action for personal injuries were the same allowed. In this one case the assignment of such a cause of action is expressly authorized. And there is good reason why it should be so authorized. Measuring the damages here by the loss to the assignee would be impractical. Damages to the amount paid out by the carrier to the time of the commencement of the action or to the time of the trial only would be manifestly unjust. It would serve to relieve the wrongdoer of a part of the responsibility for his acts and at the same time would deprive the carrier who has suffered loss because of such wrongdoing of compensation for all future payments which it might be compelled to make. Nor would it be possible to fix with reasonable certainty by any method of computation the total amount of such future payments. . . . "

and held that the damages recovered by the carrier of the compensation insurance might be any amount which the injured person could have recovered before a jury had he sued in negligence.

On the other hand, the decisions in Washington, Oklahoma and Michigan under similar statutes hold directly to the contrary. *State* v. *Cowlitz County,* 146 Wash. 305, 262 Pac. 977; *State* v. *Vinther,* 183 Wash. 350, 48 Pac. (2d) 915; *Ridley* v. *United Sash & Door Co.,* 98 Okl. 80, 224 Pac. 351; *Albrecht Co.* v. *Whitehead & Kales Iron Works,* 200 Mich. 109, 166 N. W. 855, 856. In the last named case the court said:

" . . . Considering the language used, we think it indicates that the Legislature intended to provide for indemnity only: It says to the employer in substance: 'If you have paid compensation, you may recover from the party in fault.' The inference is very persuasive that it was intended that the employer's recovery should be measured by the amount of compensation paid, and it is still more persuasive when we consider that the cardinal purpose of the act was compensation and not speculation. To hold that the employer might recover the same amount the injured party might have recovered would permit the employer to speculate on the misfortunes of his employés.

"But counsel reply to this that a trust should be impressed on the excess recovered in favor of the injured party. If this were so, would not the injured party then have two remedies, when the statute says he shall have but one? If the injured party is willing to waive the excess by accepting the more certain award of the Compensation Board, why should the act permit a disinterested person to recover it? We are persuaded that the language should be construed to mean that the employer may enforce the liability of such other person to the extent that he has paid compensation to the injured party and no farther. This construction is not only consistent with the letter of the law, but is in accord with the spirit of it. . . . "

The question turns upon whether it was the intent of the legislature that the party paying the compensation under the Act was in reality an indemnitor who was subrogated to the right of the injured workman in the same manner as any other surety, and could recover, therefore, only the amount which he had paid or was forced to pay by reason of his character, or whether he was in effect in the position of one who voluntarily purchases a right of action from another and can, therefore, recover the full amount which his assignor could have recovered.

We think it is clear it was not the intent of the legislature that the state, acting through the commission, was to be given the right to speculate in the misfortunes of an injured workman, and by paying perhaps a small amount under the Act gain the right to recover through the verdict of a jury a considerable profit on the transaction. We are confirmed in this view by the fact that any excess recovered may not, under the Act, be paid to the injured employee. The New York case, which takes the contrary view, seems to do so on the ground that a statutory assignment is similar to a voluntary assignment of a chose in action. This, we think, was not the intent of our legislature, and we prefer to follow the rule laid down by the decisions in Washington, Oklahoma and Michigan, to the effect that in an action by the commission based on an election made by the injured employee, under section 56–949, *supra,* it may recover only the amount which it has paid, or is bound to pay in the future, as the result of an award made to the employee, together with its necessary costs in the premises.

The judgment is affirmed.

McALISTER and ROSS, JJ., concur.