[File No. 7208]

SIMON GIMBLE, individually and as Trustee for the Workmen's Compensation Bureau, of the State of North Dakota, and the North Dakota Workmen's Compensation Fund, Respondent, v. MONTANA-DAKOTA UTILITIES COMPANY, a corporation.

(44 NW2d 198)

582

Opinion filed August 28, 1950.   Rehearing denied Oct. 17, 1950

*Sullivan, Kelsch and Sullivan,* for appellant.

*Strutz, Jansonius and Fleck,* for respondent.

*Francis Murphy* and *J. F. X. Conmy, Murray and Murray* and *Joseph P. Stevens,* Attorneys Amici Curiae.

MORRIS, J.   This is an appeal from an order of the District Court striking that portion of the defendant's answer which purports to set forth an affirmative defense. The controversy is essentially one of law which may be outlined by a brief statement of basic facts.

The plaintiff was severely injured on the third day of June 1948, while acting as member and employee of the organized fire department of the village of Hazelton, North Dakota. The village has complied with the requirements of the North Dakota Workmen's Compensation Act (title 65 RCND 1943), and the plaintiff was therefore an employee entitled to the protection

and benefits provided by the Workmen's Compensation Law. He brings this action individually and as trustee for the Workmen's Compensation Bureau and the Workmen's Compensation Fund in accordance with the provisions of Sec. 65–0109 RCND 1943 as amended by chapter 355 SLND 1949 to recover damages for injuries which he alleges were sustained through the negligence of the defendant.

The defendant answered by way of general denial and also set up an affirmative defense in which it pleaded plaintiff's coverage by the Workmen's Compensation Act and further alleged:

6. "That the plaintiff had two or more concurrent remedies by reason of the injuries which he sustained as alleged in his complaint, either to claim compensation from the Workmen's Compensation Fund or to bring an action against this defendant in tort for the recovery of damages.

7. That the plaintiff, on the 12th day of June, 1948, freely elected to file and did file a claim against the Workmen's Compensation Fund to avail himself of the benefits of the Workmen's Compensation Act; that after due notice and hearing, the Workmen's Compensation Bureau made an award upon plaintiff's claim so filed, and that on the 7th day of January, 1949, pursuant thereto, paid the sums of (1) $1364.61 to the Bismarck Evangelical Hospital in payment of plaintiff's hospital bill, (2) of $482.00 to Dr. R. F. Nuessle for professional services, (3) of $6.00 to Dr. Monteith for professional services, and (4) of $443.00 as an allowance for loss of earnings due to partial disability occasioned by said injury, all of which were accepted and retained by the plaintiff.

8. That by reason of the facts alleged herein, the plaintiff elected to and did make a decisive choice between the inconsistent remedies he then had and that by reason thereof; (1) the plaintiff's cause of action, if any he had, was assigned and transferred, by operation of law, to the Workmen's Compensation Bureau, and thereupon the Bureau became subrogated to his legal rights against this defendant, and (2) plaintiff is now estopped, as a matter of law, from maintaining or prosecuting this action for the recovery of damages from this defendant.

9. That said action is not prosecuted in the name of the real party in interest, and that the plaintiff has no legal capacity to sue, and has no right or authority to maintain or prosecute this action in his individual capacity or as trustee for the Workmen's Compensation Bureau of the State of North Dakota."

On motion of the plaintiff the trial court ordered the affirmative defense stricken on the ground that it did not set forth a legal defense.

In deciding this controversy, we accept the allegations of the answer as true. The plaintiff was injured while acting as a compensable employee under the Workmen's Compensation Act. On June 12, 1948, he filed a claim against the Workmen's Compensation Fund which was allowed and an award made thereon. Under this award there was paid $1852.61 hospital and medical expenses and $443.00 as an allowance for loss of earnings. At the time of the injury, award and payments the law in effect was Sec. 65–0109 RCND 1943 which provides:

"When an injury or death for which compensation is payable under the provisions of this title shall have been sustained under circumstances creating in some person other than the fund a legal liability to pay damages in respect thereto, the injured employee, or his dependents, at his or their option, either may claim compensation under this title or obtain damages from, or proceed at law to recover damages against, such other person. If compensation is claimed and awarded under this title, the fund shall be subrogated to the rights of the injured employee or his dependents to recover against that person. If the fund shall recover from such other person damages in excess of the compensation already paid or awarded to be paid under this title, any such excess less the expenses and costs of the action shall be paid to the injured employee or his dependents."

The thirty first Legislative Assembly by chapter 355 SLND 1949 amended and reenacted Sec. 65–0109 RCND 1943 to read as follows:

"When an injury or death for which compensation is payable under the provisions of this title shall have been sustained under circumstances creating in some person other than the fund a legal liability to pay damages in respect thereto, the injured

employee, or his dependents may claim compensation under this title and obtain damages from, and proceed at law to recover damages against such other person. If compensation is claimed and awarded under this title, the fund shall be subrogated pro tanto to the rights of the injured employee or his dependents to the extent of amount of compensation paid. The action to recover such damages against such other person shall be brought in the name of the injured employee, or his dependents in the event of his death, in his or in his dependents' own right and name for the balance of compensation due him and as trustee for the Workmen's Compensation Bureau for what it has paid on such claim. Expenses and costs of such litigation shall be prorated between claimant and bureau, should any damages be awarded. If no damages are awarded, the cost of the litigation shall be paid by the employee."

This amendment became effective July 1, 1949. The plaintiff brought this action under the amendment and contends that it is fully retroactive and applies to all injuries that were sustained prior to as well as after the effective date of the act, under circumstances creating liability in some person other than the fund, even though the injured person elected to file a claim against the fund under the old statute and was awarded and received compensation. The defendant on the other hand contends that the amendment was prospective in its application, at least as to those injuries for which a claim was filed against the Workmen's Compensation Fund and an award made to the claimant prior to the effective date of the amendment.

In this jurisdiction we have adopted the general and well established rule of statutory construction that an act of the legislature is presumed to be prospective unless the legislature clearly manifests a contrary intention. Messersmith v. Reilly, 70 ND 638, 296 NW 920; Murray v. Mutschelknaus, 70 ND 1, 291 NW 118; Petters and Company v. Nelson County, 68 ND 471, 281 NW 61; Ford Motor Company v. State, 59 ND 792, 231 NW 883; E. J. Lander & Company v. Deemy, 46 ND 273, 176 NW 922; Adams and Freeze Company v. Kenoyer, 17 ND 302, 116 NW 98, 16 LRA NS 681; Clark v. Beck, 14 ND 287, 103 NW 755.

"Even as to those statutes which the legislature may constitutionally give retrospective effect, there is no presumption that such effect was intended." First National Bank v. Bovey, Shute and Jackson, 49 ND 450, 191 NW 765.

The rule adopted by this court has legislative approval in Sec. 1–0210 RCND 1943 which provides:

"No part of this code is retroactive unless it is expressly declared to be so."

The plaintiff would avoid the impact of the rule above stated by arguing two points; first, that the language of the amendment itself indicates a legislative intent to make it retroactive and second, that the amendment is remedial and procedural in its nature and is therefore not subject to the presumption that the legislature intended it to apply prospectively only. In support of his first point the plaintiff argues that the phrase, "shall have been sustained," indicates that the legislature intended that the amendment should apply to injuries incurred prior to the effective date of the amendment and had it intended that the amendment should operate prospectively only it would have used such words as, "shall hereafter be sustained" or some similar expression positively indicating a prospective operation. The plaintiff however, has overlooked the legislative history of the phrase upon which it relies.

The Workmen's Compensation Fund and Workmen's Compensation Bureau were created by the Sixteenth Legislative Assembly through the enactment of Chapter 162 SLND 1919. Sec. 20 of that chapter which later became Sec. 65–0109 RCND 1943 provided that:

"When an injury or death for which compensation is payable under this act *shall have been sustained* under circumstances creating in some other person" etc.

Sec. 20 remained part of the Workmen's Compensation Law until fifteen legislative sessions and thirty years later it was amended by Chapter 355 SLND 1949.

The identical phrase upon which the plaintiff relies appeared in the original act, was retained throughout the history of the law and became part of the amendment. Its context was unchanged. Surely it cannot be argued that the legislative assem-

bly in 1949 used the phrase with different meaning and intent than did the legislature in 1919 when the Workmen's Compensation Law was first enacted. No one will have the temerity to suggest that the phrase, "shall have been sustained," as used in the original act could be given any other than a prospective interpretation. It clearly did not apply to injuries that occurred before the creation of the Workmen's Compensation Bureau and the fund from which compensation was to be paid. The repetition of the same phrase in like context indicates that it was used in the same sense and with the same effect in the amendment.

"Words and provisions used in the original act or section are presumed to be used in the same sense in the amendment." Sutherland, Statutory Construction Third Ed. Sec. 1933.

"It is a rule of construction that words used in a statute should be construed according to the sense in which they have been previously used in like statutes." Great Northern Railway Company v. Ward County, 54 ND 75, 208 NW 768.

"In construing statutes, the courts must take judicial notice of the history of the terms employed, and, where the statutes have been in existence for a long period of time, it must be presumed that the legislature has at all times been aware of the meaning originally attached to those terms." Syllabus by the court, Eddy v. Krekow, 54 ND 220, 209 NW 225.

For further light on the legislative intention, we turn to the history of the amendment during its enactment, as disclosed by the legislative journals which are competent and proper sources of information on this subject. State v. Schultz, 44 ND 269, 174 NW 81; Adams County v. Smith, 74 ND 621, 23 NW2d 873; Sutherland, Statutory Construction Third Ed. Sec. 5003 and 5015.

When the amendment was introduced in the legislature as House Bill 126, the last paragraph read as follows:

"As to all claims accruing prior to the effective date of this Act, the claimant may maintain such action in the name of the Workmen's Compensation Bureau for his own right and benefit, and for the benefit of the bureau to the extent of the amount paid by the bureau."

The House of Representatives Committee on Labor Relations to whom the bill had been referred recommended that the paragraph above quoted be stricken out. This recommendation was adopted. See journal of the House of Representatives of the thirty first session of the Legislative Assembly page 250. Thus the legislature deliberately eliminated a provision that would have been applicable retrospectively to claims accruing prior to the effective date of the act. The plaintiff argues that the paragraph stricken by the amendment was surplusage because the legislative intent to make the amendment retrospective had already been expressed by the use of the phrase "shall have been sustained", which we have previously discussed at length. In that discussion we reached the conclusion that because of the legislative history of the use of that phrase it cannot be said to express a retrospective intent on the part of the thirty first legislative assembly. The stricken paragraph was not mere surplusage. The action of the legislature in eliminating it is very significant and indicates a determination on the part of the law-makers not to make the act retrospective. In re Sauer's Estate, 216 Wisc 289, 257 NW 28.

The plaintiff places great reliance on the case of Nelson v. Westland Oil Company, 81 F2d 371, in which the United States Circuit Court of Appeals construed the amendment in the manner contended for by the plaintiff. The great respect that we have for that court has prompted us to study that opinion with extreme care and it is with reluctance that we find ourselves unable to reach the same conclusion. That opinion does not indicate that the court had presented to it the legislative history of the phrase "shall have been sustained" as it appears in our Workmen's Compensation Law which we deem most persuasive.

We might well rest this decision here upon the legislative intent as disclosed by the history of the Workmen's Compensation Act and the history of the amendment during its passage, but in view of the thoroughness and vigor with which the plaintiff has pressed his second point we think its consideration appropriate. It is argued that the amendment is purely remedial and procedural legislation which is not subject to the rule that

legislation is presumed to operate prospectively. It is further asserted in support of this proposition that the amendment terminated the authority of the Workmen's Compensation Bureau to bring actions against third parties under the old law and that if the plaintiff cannot now maintain this action there exists no remedy for the enforcement of the defendant's liability for damages.

In Ford Motor Company v. State, 59 ND 792, 231 NW 883 the appellant made the same contention that is made here and this court said:

"Appellant argues that the general rule that statutes should be construed so as to have prospective action only is not applicable to statutes of limitations or statutes relating to procedure, and authorities are cited tending to support the argument thus advanced. Leaving on one side all question as to whether, and to what extent, the rule contended for by the appellant as regards the construction of procedural statutes may have been modified or changed in this state (see compiled laws 1913 Sec. 7320; Jenson v. Frazer, 21 ND 267, 130 NW 832) the question as to whether a statute is to operate prospectively only, or retrospectively as well, remains fundamentally one of legislative intention."

But can it be said that the amendment is wholly procedural? Insofar as it is applied to causes of action arising after it became effective and causes of action for prior injuries to which the Workmen's Compensation Fund has not been subrogated it can be argued that the statute is procedural, but we have a different situation here. The plaintiff in whose favor the cause of action for damages arose, claimed compensation and was awarded compensation by the Bureau under the old law. This resulted in the transfer of the plaintiff's right of action to the Workmen's Compensation Bureau by operation of law.

"If compensation is claimed and awarded, the North Dakota Workmen's Compensation Fund is subrogated to the rights of the injured employee or his dependants to recover against that person. The statute is not ambiguous. It does not say that the Workmen's Compensation Fund shall have the right to recover, it does not extend the right to both parties, but it says

the Workmen's Compensation Fund shall be subrogated to the rights of the injured employee, and it follows that all the rights which the injured employee had to bring such action are in law conveyed to the Workmen's Compensation Fund." Tandsetter v. Oscarson, 56 ND 392, 217 NW 660. See also Polucha v. Lander, 60 ND 159, 233 NW 264.

At the time the amendment went into effect the Workmen's Compensation Bureau and not the plaintiff had the right to sue for damages based upon the plaintiff's injuries. By filing his claim with the Workmen's Compensation Bureau and receiving an award the plaintiff had in effect assigned his claim to the Bureau. It may be, as the plaintiff contends, that the legislature has the power to reassign claims from the Bureau to the original claimant. Conceding that this power exists, the question still remains did the legislature make such reassignment. It did not do so by express words. It did so by implication, only if the amendment is to be construed in a wholly retrospective manner.

The right of subrogation under the old law gave the Workmen's Compensation Bureau exclusive authority to bring an action against a third party, from the proceeds of which the fund would be reimbursed for expenditures resulting from the tort of such party. While this authority may not have been a vested right in the constitutional sense, it was a substantive right which enabled the bureau to institute, maintain and control the litigation primarily for the benefit of the Workmen's Compensation Fund and incidentally for the benefit of the claimant if the recovery exceeded the amount paid on the award. This right to bring and maintain the suit to recover damages for an injury which has resulted in disbursements from the fund is a substantive right and not a mere matter of remedy or procedure and falls within the rule that the intention to make legislation retrospective must clearly appear.

"An amendatory act, like other legislative enactments, takes effect only from the time of its passage, and the new or changed portions have no application to prior transactions unless an intent to the contrary is expressed in the act or clearly implied

from its provisions." Syllabus by the court, Ford Motor Company v. State, supra.

It is further argued that unless the amendment applies retroactively to all claims the tort-feasor will escape liability, for only the claimant can maintain an action against a negligent third party under the amendment. The premise for this argument we deem to be unsound. The Workmen's Compensation Bureau became the statutory subrogee of the right of action under the law as it existed when the claim was filed and the award of compensation made to the claimant. The amendment does not purport to disturb that right and it follows as a matter of course that the Workmen's Compensation Bureau can still maintain a cause of action that it acquired before the statute was amended, subject to the defense of the statute of limitations where applicable.

We have reached the determination that the legislative history of Sec. 20 of the original Workmen's Compensation Bureau Act as incorporated in the 1943 Revised Code and amended by Chapter 355 SLND 1949, (Sec. 65–0109 Supp. to RCND 1943) and the legislative journal showing the deletion of a retroactive provision from the amendment during its course of passage clearly indicates an intention on the part of the legislature to make the amendment prospective in its operation. This conclusion, when applied to claims filed with the Workmen's Compensation Bureau upon which awards were made under the old law, is further supported by the fact that the right of action on such claims was allowed to remain in the Bureau and no provision was made in the amendment either expressly or by implication to reinvest the claimant with the right of action to which the bureau had been subrogated.

That portion of the answer stricken by the order appealed from states a defense to plaintiff's cause of action. The order of the trial court is reversed and the case remanded.

NUESSLE, C. J., and BURKE, GRIMSON and CHRISTIANSON, JJ., concur.