290 P.2d 248

Earl J. RODRIQUEZ, individually, and Earl J. Rodriquez, as surviving spouse of Mildred Rodriquez, Appellant,

v.

Anthony TERRY, as administrator of the estate of Roland L. Stanley, deceased, Appellee.

No. 5998.

Supreme Court of Arizona.

Nov. 22, 1955.

Harry Ackerman and Morris K. Udall, Tucson, for appellant.

Darnell, Robertson, Holesapple & Spaid, Tucson, for appellee.

PATTERSON, Superior Court Judge.

On March 3, 1953, Earl J. Rodriquez, appellant herein, Mildred Rodriquez, his wife, and one Roland L. Stanley, were traveling through Arizona in an automobile owned by appellant. Stanley was driving when the automobile was involved in a collision with a certain truck near Cienga Wash, Pima County, Arizona. The collision caused the deaths of Mrs. Rodriquez and Stanley, personal injuries to appellant and damage to his automobile. Following the death of Stanley, appellant in May, 1954, brought an action in the superior court of Pima County against Anthony Terry, as administrator of the estate of Roland L. Stanley, deceased, appellee herein, alleging that Stanley was negligent in his operation of the automobile and asking relief in two counts; the first for damages for the wrongful death of Mildred Rodriquez and for personal injuries sustained by appellant, and the second for damages to the automobile. Appellee moved to dismiss count one for failure to state a claim for the reason the action was not commenced until after the death of the alleged tort-feasor. From judgment of the court granting the motion, appellant appeals and claims the court erred for the reason that "a cause of action for wrongful death and for personal injuries does not abate upon the death of the tort-feasor". Appellant asks us to reconsider the liability of the estate of a deceased tort-feasor. This question was decided adversely to appellant in the recent case of Gustafson v. Rajkovich, 76 Ariz. 280, 263 P.2d 540, 40 A.L.R.2d 520.

As stated in our prior decision, supra, the weight of authority in this country has been to the effect that the right of action died with the tort-feasor unless the legislature had enacted legislation which would make the cause of action survive the

death of the tort-feasor and render his estate and personal representative liable. We see no reason to deviate from our prior decision. Practicing attorneys and the parties whose interests are affected must have consistent and standard decisions from this court for their guidance and precedent, and unless it can clearly be shown that this court has erred in its prior rulings, it should not reverse a prior decision.

Pending the appeal, the legislature enacted Chapter 88, Laws 1955, amending section 38-1103, A.C.A.1939, which reads as follows:

"Survival of causes of action—Suits by or against personal representatives. —Every cause of action, except a cause of action for damages for breach of promise to marry, seduction, libel, slander, separate maintenance, alimony, loss of consortium or invasion of the right of privacy, shall survive the death of the person entitled thereto or liable therefor, and may be asserted by or against the personal representative of such person, provided that upon the death of the person injured, damages for pain and suffering of such injured person shall not be allowed."

██ Appellant now contends that the foregoing statute operates retrospectively and thereby validates the action filed. His first contention is that it is procedural legislation. We cannot agree. Great reliance is placed upon the case of Grant v. McAuliffe, 41 Cal.2d 859, 264 P.2d 944, 946, 42 A.L.R.2d 1162, wherein the California court held such a statute was procedural "for conflict of laws purposes", but recognized that, in the case of Cort v. Steen, 36 Cal.2d 437, 224 P.2d 723, that court was committed to the proposition that for the purpose of determining the retroactivity of a survival statute, the same was substantive legislation. In the Grant case, it is admitted that the Restatement of Law is contrary to the conclusions reached therein. This court has consistently held that it will generally follow the Restatement of Law unless a different rule has been pronounced by the court in prior decisions or by legislative enactment. Waddell v. White, 56 Ariz. 525, 109 P.2d 843; Ingalls v. Neidlinger, 70 Ariz. 40, 216 P.2d 387; Bristor v. Cheatham, 75 Ariz. 227, 255 P.2d 173.

[4, 5] It is further urged that, even assuming the statute to be substantive law, it is retroactive. This court has held that a statute will have prospective operation only, unless it plainly indicates an intent that it have retrospective effect. Employment Security Commission of Arizona v. Arizona Citrus Growers, 61 Ariz. 96, 144 P.2d 682. See, section 1-101, A.C.A.1939. This statute is concise, plain and unambiguous. Its contents cannot be construed to be retroactive.

Judgment affirmed.

WINDES and STRUCKMEYER, JJ., concur.

Note: Justice LEVI S. UDALL, having disqualified himself, the Hon. W. E.

PATTERSON, Judge of the Superior Court of Yavapai County, was called to sit in his stead.

LA PRADE, Chief Justice and PHELPS, Justice (dissenting).

We dissent upon the basis of the views expressed in our dissenting opinion in the case of Gustafson v. Rajkovich, 76 Ariz. 280, 263 P.2d 540.