455 P.2d 1015

Marcus LEDBETTER, Appellant,

v.

Phillip SAVITTIERI, Sr., Catherine Savittieri, and Frank Savittieri, dba
P. S. & Sons, Appellees.

No. I CA–CIV 849.

Court of Appeals of Arizona.

May 28, 1969.

As Modified on Denial of Rehearing
June 27, 1969.

Review Denied Sept. 30, 1969.

Giles, Zielinski & Thur, by Richard R. Zielinski, Scottsdale, for appellant.

Johnson & Shaw, by Joseph P. Shaw, Phoenix, for appellees.

MOLLOY, Judge.

This is an appeal from a summary judgment denying recovery in a personal injury action brought by a workman for injuries received in the course of his employment against an alleged third party tort-feasor.

The injury for which recovery is sought occurred on March 30, 1964. The workman concedes that he knowingly[1] elected to take compensation instead of pursuing his remedy against the third party tort-fea-

---

1. The requirements for a knowing election are set forth in State ex rel. Industrial Commission v. Pressley, 74 Ariz. 412, 250 P.2d 992 (1952), and State ex rel. In- dustrial Commission v. Reese, 74 Ariz. 425, 250 P.2d 1001 (1952). The plaintiff admits that the election he made was binding under this standard.

sor, as required by A.R.S. § 23–1023 as that statute then existed:

"A. If an employee entitled to compensation under this chapter is injured or killed by the negligence or wrong of another not in the same employ, such injured employee, or in event of death his dependents, shall elect whether to take compensation under this chapter or to pursue his remedy against such other person.

"B. If the election is to take compensation, the claim against such other person shall be assigned to the state for the benefit of the compensation fund, or to the person liable for the payment thereof. Such a claim assigned to the state may be prosecuted or compromised by the commission.

"C. If the election is to proceed against such other person, the compensation fund or person shall contribute only the deficiency between the amount actually collected and the compensation provided or estimated by the provisions of this chapter for such case. Compromise of any claim by the employee or his dependents at an amount less than the compensation provided for shall be made only with written approval of the commission, or of the person liable to pay the claim."

By chapter 107, Laws of 1965, this law was amended in such manner as to permit an injured workman to take compensation and also maintain an action against a third party tort-feasor:

"23–1023. LIABILITY OF THIRD PERSON TO INJURED EMPLOYEE; ELECTION OF REMEDIES

"A. If an employee entitled to compensation under this chapter is injured or killed by the negligence or wrong of another not in the same employ, such injured employee, or in event of death his dependents, shall elect whether to take compensation under this chapter or to pursue his remedy against such other person.

"B. If the election is to take compensation, the claim against such other person shall be assigned to the state for the benefit of the compensation fund, or to the person liable for the payment thereof. Such a claim assigned to the state may be prosecuted or compromised by the commission.

"C. If the election is to proceed against such other person, compensation and accident benefits shall be paid as provided in this chapter and the commission or other person liable to pay the claim shall have a lien on the amount actually collectible from such other person to the extent of such compensation and accident benefits paid. The amount actually collectible shall be the total recovery less the reasonable and necessary expenses, including attorneys' fees, actually expended in securing such recovery. The compensation and accident benefit funds or person shall contribute only the deficiency between the amount actually collected and the compensation and accident benefits provided or estimated by the provisions of this chapter for such case. Compromise of any claim by the employee or his dependents at an amount less than the compensation and accident benefits provided for shall be made only with written approval of the commission, or of the person liable to pay the claim." [2]

After the 1965 amendment, the plaintiff-workman filed a new written election with the Industrial Commission, in which he elected to proceed against these alleged third party tort-feasors *and* to accept compensation, as permitted by the 1965 amendment.

On appeal, there are two questions raised: (1) did the alleged third party tort-feasors, defendants below, have standing to raise the defense of the assignment

---

**2.** This statute was amended again by Ch. 6, Laws 1968, 4th S.S., § 38, in respects not material to this action.

of the plaintiff's cause of action in pursuance of the old election act, and (2) is the 1965 amendment retroactive so as to permit the plaintiff to rescind his previous election and proceed under the new act?

The first question we believe has already been answered adversely to the plaintiff's position by previous decisions of our Supreme Court. In our view Moseley v. Lilly Ice Cream Co., 38 Ariz. 417, 300 P. 958 (1931), is controlling. There the court said, at 423, 300 P. at 960:

"* * * when payment under the Compensation Act is chosen by the injured employee, his rights of every nature against the third person pass as a matter of law to the state or other insurer, and no right of action, either direct or indirect, remains in him as against such third person."

In Industrial Com. v. Nevelle, 58 Ariz. 325, 119 P.2d 934 (1941), at 329, 119 P.2d at 936, the Supreme Court said, in referring to the *Moseley* decision:

"The question of the amount which might be recovered by the commission was not discussed, as that was not an issue in the case, but we did explicitly and expressly hold that any right which the injured employee might have had against a third person no longer belonged to him, but was vested in the commission. This being true, we think there can be no question that no matter how much the commission may recover in its action, the injured employee may have no part nor parcel therein."

*Nevelle* extends the application of this statutory law by holding that the Commission, under the assignment provided by this statutory law,

"* * * may recover only the amount which it has paid, or is bound to pay in the future, as the result of an award made to the employee, together with its necessary costs in the premises."

58 Ariz. at 332, 119 P.2d at 937.

Though one of the decisions relied upon in *Nevelle* (58 Ariz. at 331, 119 P.2d 934),

to reach this result, Ridley v. United Sash & Door Co., 98 Okl. 80, 224 P. 351 (1924), has been overruled, Parkhill Truck Co. v. Wilson, 190 Okl. 473, 125 P.2d 203 (1942), *Nevelle* stands unmodified by later decisions of our Supreme Court.

The appellant relies upon a discussion in 2 Larson's Workmen's Compensation Law, as contained in § 75.40, and the cases cited therein, which hold that the third party tort-feasor has no standing to question whether the plaintiff's cause of action has been assigned to another. Most of the decisions so holding are in states in which the compensation payer is subrogated to the cause of action only to the extent of its payments, and there still remains, either in the compensation payer as trustee, or in the injured workman, the remaining tort claim, over and above that represented by compensation payments. Though Larson agrees with this approach, from the standpoint of natural justice, he has difficulty in following the logic of the *Parkhill* decision, which interpreted statutes similar to our own to reach a result contrary to *Nevelle*:

"The ultimate result so achieved [in *Parkhill*] is no doubt a desirable one, since there is no good reason why a third party tortfeasor should be allowed to raise this issue *as long as his ultimate liability is not increased.* It is unfortunate, however, that many third party statutes are so carelessly drawn that courts are driven to this kind of extreme to wring a satisfactory working rule from them." (Emphasis added.) 2 Larson § 76.00, at 227.

We are not in a position to overrule the *Moseley* and *Nevelle* decisions, even were we inclined to do so, McKay v. Industrial Commission, 103 Ariz. 191, 438 P.2d 757 (1968), and hence pass on to the second contention presented.

A short answer to this second contention of retroactive application is contained within A.R.S. § 1–244 reading: "No statute is retroactive unless expressly declared therein."

There is no indication in the 1965 act that it was intended to be retroactive. The appellant relies upon general law to the effect that "remedial" or "curative" statutes, *see* 82 C.J.S. Statutes § 430a, at 1003, are retroactive. In a long line of decisions in this area of our law, our Supreme Court has not laid down any exception to the general rule of non-retroactivity as to "curative" or "remedial" statutes. *See* Headley v. Headley, 101 Ariz. 331, 419 P.2d 510 (1966); Krucker v. Goddard, 99 Ariz. 227, 408 P.2d 20 (1965); Rodriquez v. Terry, 79 Ariz. 348, 290 P.2d 248 (1955); Employment S. Com. v. Arizona C. Growers, 61 Ariz. 96, 144 P.2d 682 (1944); State of Arizona v. Martin, 59 Ariz. 438, 130 P.2d 48 (1942); Bartlett v. MacDonald, 17 Ariz. 194, 149 P. 752 (1915). The only exception suggested by these decisions is that pertaining to "procedural" enactments. See Rodriquez v. Terry, *supra*, 79 Ariz. at 350, 290 P.2d 248; and Ray v. Rambaud, 103 Ariz. 186, 438 P.2d 752 (1968).

We do not consider the amendment here accomplished to be procedural in nature. In the assignment-of-cause-of-action situations presented in *Moseley* and *Nevelle*, there is a substantial change in the amount of liability imposed upon a third party tort-feasor by the 1965 amendment. We believe that, under the established law of this jurisdiction, and as amplified in the recent decision of State v. Stone, 104 Ariz. 339, 452 P.2d 513 (1969), the statute is not retroactive.

In the light of these decisions, it is perhaps superfluous to mention authorities from other jurisdictions. Appellant relies upon two decisions dealing with statutory changes substantially of the same nature as that with which we are concerned, Hession v. Sari Corporation, 283 N.Y. 262, 28 N.E. 2d 712 (1940), and Munson v. Vane-Stecker Company, 347 Mich. 377, 79 N.W.2d 855 (1956). An examination of the *Hession* decision clearly indicates [3] that, prior to statutory amendment with which that court was concerned, the assignee of the workman's cause of action could recover all of the workman's damages in the subrogation action and was required to remit to the workman two thirds of the excess over the total amount of compensation paid to the injured workman. Hence, when the statute was amended to permit the workman to both accept compensation and sue the third party tort-feasor, procedure alone was involved, because the total amount of damages to which the tort-feasor was liable was not affected.

As to *Munson,* we find the decision to be in point, but we disagree with its reasoning and find it to be questionable authority in Michigan today. *Munson* gives no independent reasoning for its holding but bases its decision (79 N.W.2d at 857) upon its prior opinion of Rookledge v. Garwood, 340 Mich. 444, 65 N.W.2d 785 (1954). While *Rookledge* has never been expressly overruled, its authority has been considerably weakened by two subsequent opinions of the Michigan Supreme Court, in the companion cases of Leonard v. Lans Corporation, 379 Mich. 147, 150 N.W.2d 746 (majority opinion at 751) (1967), and Briggs v. Campbell, Wyant & Cannon Foundry Co., 379 Mich. 160, 150 N.W.2d 752 (1967). In *Briggs,* the majority states:

> "I think we should apply the Davis [In re Davis' Estate, 330 Mich. 647, 48 N. W.2d 151] and Detroit Trust [Detroit Trust Co. v. City of Detroit, 269 Mich.

3. The pertinent portions of the act in existence at the time of Hession's injury are quoted in the decision at 713:
    " 'If such * * * person * * * or carrier, as such an assignee, recover from such other * * * a sum in excess of the total amount of compensation awarded to such injured employee * * * and the expenses for medical treatment paid by it, together with the reasonable and necessary expenditures incurred in effecting such recovery, it shall forthwith pay to such injured employee * * * two-thirds of such excess, and to the extent of two-thirds of any such excess such recovery shall be deemed for the benefit of such employee.' "

81, 256 N.W. 811] Cases rather than ignore them, thereby upholding a settled rule of statutory construction and thereby reining up short our past tendencies to manufacture more and more now-for-then law by undue and unjudicious process."

150 N.W.2d at 754.

The minority opinion in *Leonard* relies heavily (150 N.W.2d at 749–750) upon *Rookledge*. The majority opinion of *Briggs* quotes from the *Detroit Trust* opinion (150 N.W.2d at 753):

> " 'We think it is settled as a general rule in this state, as well as in other jurisdictions, that all statutes are prospective in their operation excepting in such cases as the contrary clearly appears from the context of the statute itself.' "

The only other decision coming to our attention which deals with the specific type of statutory amendment as here presented is that of Gimble v. Montana-Dakota Utilities Co., 77 N.D. 581, 44 N.W.2d 198 (1950). This decision comes to the conclusion that an amendment of this type is not retrospective even though under the North Dakota law in effect prior to amendment, a subrogee could recover all damages sustained by the workman.[4]

We need not answer the due process question which would naturally present itself if we construed this statute to be retrospective in its operation. *See* 16 Am. Jur.2d Constitutional Law § 425, at 766.

Judgment affirmed.

HATHAWAY and KRUCKER, JJ., concur.

NOTE: This cause was decided by the Judges of Division Two as authorized by A.R.S. § 12–120, subsec. E.

---

4. The pertinent provision in the statute in effect at the time of Gimble's injury is quoted at 44 N.W.2d 200:

"'If compensation is claimed and awarded under this title, the fund shall be subrogated to the rights of the injured employee or his dependents to recover against such person. If the fund shall recover from such other person damages in excess of the compensation already paid or awarded to be paid under this title, any such excess less the expenses and costs of the action shall be paid to the injured employee or his dependents.' "